IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| STACY L. RANDALL, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 3:22-cv-400-jdp |
| REED C. WIDEN, MICHAEL | ) | |
| KIESLER, WIDEN ENTERPRISES, | ) | |
| LLC, and WINDY WATERS, INC., | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Reed C. Widen, Michael Kiesler, Widen Enterprises, LLC, and Windy Waters, Inc. (collectively, "Defendants"), through undersigned counsel, hereby respond to Plaintiff Stacy L. Randall's ("Plaintiff" or "Ms. Randall") Complaint.

Except as otherwise expressly admitted herein, Defendants deny each allegation contained in the Complaint. The headings and subheadings used in the Complaint are not allegations of fact and therefore require no response, but to the extent a response is deemed required, those allegations are denied. Defendants reserve the right to seek to amend and/or supplement this Answer. Capitalized terms in the Answer and not otherwise defined have the meanings ascribed in the Complaint.

## INTRODUCTION

1.     Defendants deny the allegations in Paragraph 1.

## NATURE OF THE ACTION

2.     Defendants admit that Plaintiff was a shareholder of Windy Waters, Inc. ("Windy Waters"), a holding company that was the parent company of Widen Enterprises, Inc. n/k/a Widen

Enterprises, LLC ("Widen Enterprises"), that she was a former shareholder of Widen Enterprises,, and that she has filed an action purporting to allege claims "for securities fraud and breaches of the statutory and common-law fiduciary duties and other duties owed by a majority shareholder to a minority shareholder and by officers and directors of a company to their shareholders." Defendants also admit that this action "arises, in part, out of the redemption of [Plaintiff's] stock in the family business." Defendants deny the remaining allegations in Paragraph 2.

3.       Defendants admit the allegations in the first three sentences of Paragraph 3. As to the fourth and final sentence of Paragraph 3, Plaintiff has not alleged any facts that require a response but instead proposes a definition of "Companies," to include Widen Enterprises and Windy Waters.

4.       Defendants admit that for a period of time, Defendant Reed was the majority and controlling shareholder of Windy Waters, the sole shareholder of Widen Enterprises, Inc. Defendants further admit that Kiesler was an officer of Windy Waters and Widen Enterprises, Inc., and also a shareholder of Windy Waters. As to the final sentence of Paragraph 4, Plaintiff has not alleged any facts that require a response but instead proposes a definition of "Controlling Defendants," to include Reed and Kiesler. Nevertheless, Defendants deny any factual or legal implications that Plaintiff would assert by virtue of the use of the definition "Controlling Defendants," including any allegation that Plaintiff was not also in "control" of the Companies at different points in time.

5.       Defendants deny the allegations in Paragraph 5.

6.       Defendants deny the allegations in Paragraph 6.

7.       Defendants admit that in May of 2020, Plaintiff sold her entire interest in Windy Waters for approximately $1.3 million. Defendants deny the remaining allegations in Paragraph 7.

#226312635_v2

8.      Defendants admit that the same law firm (defined by Plaintiff as the "Law Firm") represented Plaintiff for her divorce proceeding and Windy Waters for corporate matters, under separate conflict waiver letters, as signed by Plaintiff and Windy Waters, respectively. Defendants deny the remaining allegations in Paragraph 8.

9.      Defendants admit that Widen Enterprises was sold to a third party in September 2021. Defendants deny the remaining allegations in Paragraph 9.

## JURISDICTION AND VENUE

10.     Defendants admit the allegations in Paragraph 10.

11.     Defendants deny that "[t]he Exchange Act and SEC Rule 10b-5 govern the primary matter of dispute." Defendants admit that Plaintiff has asserted claims under federal law and otherwise admits the allegations in Paragraph 11.

12.     Defendants admit the allegations in Paragraph 12.

13.     Defendants admit the allegations in Paragraph 13.

## THE PARTIES

14.     Defendants admit the allegations in Paragraph 14.

15.     Defendants admit the allegations in Paragraph 15.

16.     Defendants admit the allegations in Paragraph 16.

17.     Defendants admit the allegations in the first sentence of Paragraph 17. As to the second sentence in Paragraph 17, Defendants admit that Widen Enterprises was owned and controlled by Windy Waters from the date of Windy Waters' creation as a holding company to the sale of Widen Enterprises in September 2021. Defendants admit the allegations in the third sentence of Paragraph 17. Defendants deny the remaining allegations in Paragraph 17.

18.     Defendants admit the allegations in Paragraph 18.

#226312635_v2

## FACTUAL ALLEGATIONS

19.     Defendants admit the allegations in Paragraph 19.

20.     Defendants admit the allegations in Paragraph 20.

21.     Defendants admit that Tyler Widen sold his shares in Widen Colourgraphics, Ltd. to the other shareholders pursuant to a Shareholder Agreement dated January 1, 1995. Defendants deny any remaining allegations in Paragraph 21.

22.     Defendants admit that Mark Widen was the son of Emily and Arthur Widen and that in or around 1997, Mark Widen created Windy Waters as a holding company for Widen Colourgraphics, Ltd. Defendants also admit that following the creation of Windy Waters, the shareholders of Widen Colourgraphics, Ltd. exchanged their shares for shares of Windy Waters. Defendants deny any remaining allegations in Paragraph 22.

23.     Defendants admit that Mark Widen and his five children executed the Amendment of Shareholder Agreement of Widen Colourgraphics, Ltd., effective September 12, 2001. The allegations in Paragraph 23 are otherwise denied, as they seek to characterize the Amendment of Shareholder Agreement, which speaks for itself and is the best evidence of its contents. Defendants refer to the Amendment of Shareholder Agreement for a full and accurate recitation of its terms and deny any allegations inconsistent therewith.

24.     Defendants deny that Mark Widen died in 2002, as alleged in the first sentence of Paragraph 24. Mark Widen died July 6, 2003. Defendants admit the remaining allegations in Paragraph 24.

25.     Defendants deny the allegations in the first sentence of Paragraph 25, including the allegations in the first footnote of Paragraph 25. Defendants admit the allegations in the second sentence of Paragraph 25, but deny the allegations in the second footnote of Paragraph 25.

4

26.     Defendants admit the allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in the first sentence of Paragraph 30. Defendants admit the allegations in the second sentence of Paragraph 30.

31.     Defendants deny the allegations in Paragraph 31.

32.     Defendants admit the allegations in Paragraph 32.

33.     Defendants deny the allegations in the first three sentences of Paragraph 33. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's allegations in regarding her final level of education completed, as stated in footnote three to Paragraph 33, and therefore deny those allegations. Defendants admit that as also alleged in footnote three, Plaintiff was fired for cause by Tyler Widen from her position with Widen Colourgraphics and fired for cause by Reed Widen from her position as a receptionist at Widen Enterprises. As to the last sentence of Paragraph 33, Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's recollection of "receiving notice of or attending any board meetings," and therefore deny those allegations.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39.

#226312635_v2

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants deny the allegations in the first sentence of Paragraph 41. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 42, and therefore deny those allegations.

43.     Defendants deny the allegations in the first two sentences of Paragraph 43. In or around April 7, 2016, Windy Waters issued a distribution to its shareholders, including Plaintiff. Defendants deny any remaining allegations in the second sentence of Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44, including the allegations in footnote 4 to Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 52, and therefore deny those allegations.

53.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 53, and therefore deny those allegations.

54.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 54, and therefore deny those allegations.

#226312635_v2

55.     Defendants admit the allegation in Paragraph 55 that Plaintiff sold some of her shares in Windy Waters back to the company in January 2019. Defendants deny any remaining allegations in Paragraph 55, including as they purport to relate to prior allegations in Paragraphs 53 and 54 of the Complaint, which responses are incorporated herein by reference.

56.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first clause of Paragraph 56 concerning whether Plaintiff had an attorney for purposes of the January 2019 redemption, and therefore deny those allegations. Defendants admit that they were represented by the Law Firm.

57.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 57, and therefore deny those allegations.

58.     Defendants admit the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59, with the exception of footnote five to Paragraph 59, which allegations Defendants admit.

60.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 60, and therefore deny those allegations.

61.     Defendants admit the allegations in Paragraph 61.

62.     Defendants admit that Plaintiff engaged the Law Firm for her divorce proceedings pursuant to a conflict waiver letter, dated April 3, 2019. Windy Waters signed a corollary conflict waiver with the Law Firm that waived any conflict as to the Law Firm's representation of Plaintiff in matters unrelated to her ownership in Windy Waters. The allegations in Paragraph 62 otherwise are denied, as they seek to characterize the April 3, 2019 conflict waiver letter between Plaintiff and the Law Firm, which speaks for itself and is the best evidence of its contents. Defendants refer

#226312635_v2

to Plaintiff's conflict waiver letter for a full and accurate recitation of its terms and denies any allegations inconsistent therewith.

63.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 63, and therefore deny those allegations.

64.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 64, and therefore deny those allegations.

65.     Defendants deny the allegation in Paragraph 65 that she "receiv[ed] none of the Companies' profits." Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 65, and therefore deny those allegations.

66.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 66, and therefore deny those allegations.

67.     Defendants admit that Plaintiff contacted Reed Widen on or around May 5, 2020. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 67, and therefore deny those allegations.

68.     Defendants admit the allegations in Paragraph 68.

69.     Defendants admit the allegations in Paragraph 69.

70.     Defendants admit the allegations in Paragraph 70.

71.     Defendants admit the allegations in Paragraph 71.

72.     Defendants admit the allegations in Paragraph 72.

73.     Defendants admit the allegations in Paragraph 73.

74.     Defendants admit the allegations in Paragraph 74.

#226312635_v2

75.     Defendants deny that Kiesler's discussion with Plaintiff referenced anything other than obtaining cash from the Companies. Defendants admit that Kiesler and Plaintiff did not discuss why the Companies could afford to purchase all, but not some, of Plaintiff's shares.

76.     Defendants admit the allegations in Paragraph 76.

77.     Defendants admit that Kiesler stated that Windy Waters wished to purchase Plaintiff's remaining shares in the company at a price based on the price-per-share calculation model. Kiesler explained that model currently valued Plaintiff's remaining shares at approximately $1.1 million. Kiesler went through the Companies' standard price-per-share calculation model for voluntary redemptions with Plaintiff, line by line, using the November 2019 financial information of the Companies. Kiesler explained to Plaintiff in that conversation that he would have to update the calculation with End-of-Year numbers. Kiesler also explained that the same formula had been used for Plaintiff's prior partial share redemptions and for the complete share redemptions of Plaintiff's brothers. Defendants deny the allegation in Paragraph 77 that the $1.1 million calculation of the value of Plaintiff's shares, based on November 2019 financials, implied a "fair market value" of the Companies, including a fair market value of "around $5.5 million."

78.     Defendants deny that Plaintiff had not been given any financial information about the companies. Defendants admit that Plaintiff communicated that the price seemed too low.

79.     Defendants admit that Kiesler expressed the general sentiment that the $1.1 million currently calculated was fair because it was calculated using the Companies' standard price-per-share calculation model for voluntary redemptions, which Kiesler explained was the same formula that had been used for Plaintiff's prior partial share redemptions and for the complete share redemptions of Plaintiff's brothers.

80.     Defendants admit the allegations in Paragraph 80.

81.     Defendants admit that Kiesler expressed the general sentiment that it could be smart given the current financial state of affairs, including the uncertainty presented by the onset of the COVID-19 pandemic, for Plaintiff to sell her shares because there was no guarantee that Widen Enterprises would remain a viable company.

82.     Defendants admit the allegations in Paragraph 82.

83.     Defendants deny that Kiesler expressed a three-hour deadline but admit that Windy Waters expected an answer by the end of the day on May 6, 2020.

84.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 84, and therefore deny those allegations.

85.     Defendants admit the allegations in Paragraph 85, which relate to a text exchange that occurred at approximately 2:15 p.m.

86.     Defendants deny the allegations in Paragraph 86 and instead aver to the best of Defendants' recollection that Plaintiff called Kiesler shortly before 5 p.m.

87.     Defendants admit that Kiesler confirmed the redemption agreement would need to be for all of her shares and that Plaintiff had until the end of the week to respond. Defendants deny any remaining allegations in Paragraph 87.

88.     Defendants admit the allegations in Paragraph 88.

89.     Defendants deny that Plaintiff discussed the value of the Companies. Defendants admit that Kiesler again expressed the general sentiment that the price was fair. Defendants deny any remaining allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants admit the allegations in Paragraph 91.

92.     Defendants admit the allegations in Paragraph 92.

93.     Defendants lack knowledge or information sufficient to form a belief as to whether she wanted to accept the offer of $1.1 million or whether she intended to let the three-day time limit lapse without responding, but Defendants admit that Plaintiff did not respond within a three-day time period.

94.     Defendants admit that Kiesler telephoned Plaintiff on May 13, 2020, after not hearing from her, and told her that he had updated the price-per-share calculation model using the December 2019 financials, as promised previously, and that as a result, the redemption price Windy Waters would offer in the proposed redemption had increased to approximately $1.3 million. Defendants deny the allegation in Paragraph 94 that the increased redemption price using the price-per-share calculation model implied a "fair market value" of Windy Waters, including a fair market value of "approximately $6.5 million." Defendants deny any remaining allegations in Paragraph 94.

95.     Defendants deny there was no discussion of the basis for the increased redemption price, and refer to Defendants' answer to Paragraph 94, above. Defendants admit that there was no discussion of the prior deadline, but deny that it was ever termed a "three-day deadline." Defendants deny any remaining allegations in Paragraph 95.

96.     Defendants admit that Kiesler provided Plaintiff with an end-of-day deadline but deny that Plaintiff was told she had to accept the offer to "get any money out of her investment in the Companies." Rather, Defendants believe Plaintiff understood she could keep her shares and reject the offer.

97.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 97, and therefore deny those allegations.

98.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 98, and therefore deny those allegations.

99.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 99, and therefore deny those allegations.

100.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 100, and therefore deny those allegations.

101.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 101, and therefore deny those allegations.

102.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 102, and therefore deny those allegations.

103.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 103, and therefore deny those allegations.

104.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 104, and therefore deny those allegations.

105.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 105, and therefore deny those allegations.

106.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 106, and therefore deny those allegations.

107.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 107, and therefore deny those allegations.

108.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 108, and therefore deny those allegations.

109.     Defendants admit the allegations in Paragraph 109.

110.    Defendants admit the allegations in Paragraph 110.

111.    Defendants admit Kiesler remained in the lobby where the telephone conversation took place while Plaintiff used his telephone.

112.    Defendants deny that Attorney A knew that Plaintiff was "nominally" a director of Windy Waters. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 112, and therefore deny those allegations.

113.    Defendants deny that there was a Law Firm "conflict of interest" or "true value" for Attorney A to share with Plaintiff other than the share redemption price offered by Windy Waters. Defendants understand that Attorney A told Plaintiff that "nobody could force her to sign the documents." However, Defendants were not on the telephone and therefore lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 113 concerning the telephone conversation between Plaintiff and Attorney A. Defendants deny those allegations as a result.

114.    Defendants were not on the telephone and therefore lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 114 concerning the telephone conversation between Plaintiff and Attorney A. Defendants deny those allegations as a result.

115.    Defendants were not on the telephone and therefore lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 115 concerning the telephone conversation between Plaintiff and Attorney A. Defendants deny those allegations as a result. Defendants also deny the allegation that the Law Firm, Kiesler, Reed, or any Defendant was working against Plaintiff's best interests or on terms unfair to her.

116.    Defendants were not on the telephone and therefore lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 116 concerning the telephone

13

conversation between Plaintiff and Attorney A. Defendants deny those allegations as a result. Defendants further aver that on information and belief, Attorney A did offer to Plaintiff that he could provide legal counsel referrals, and that Plaintiff did not accept that offer.

117.   Defendants admit the allegations in Paragraph 117.

118.   Defendants admit the allegations in Paragraph 118.

119.   Defendants admit that no further financial information or discussion of the price-per-share calculation model was provided by Kiesler to Plaintiff on May 13, 2020. Defendants further aver that when Plaintiff came to company offices on May 13, 2020, to review and possibly sign the documents, she did not ask to review any financial information.

120.   Defendants admit that Attorney A had prepared the Redemption Agreement and Promissory Note, but Defendants otherwise deny the allegations in Paragraph 120. Defendants further aver that Kiesler asked whether Plaintiff wanted to call her son or if she wanted someone else to look at the documents.

121.   Defendants admit the allegations in Paragraph 121.

122.   Defendants deny that Plaintiff was in the lobby. Defendants admit that Plaintiff stated to Kiesler that she had not been successful in reaching out to anyone that day, including her financial advisor. Defendants further aver that they did nothing to prevent Plaintiff from obtaining her own legal representation. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff had previously consulted with legal counsel. Defendants further aver that prior to Plaintiff executing the Redemption Agreement, Kiesler read aloud both the Redemption Agreement and Promissory Note, stopping after each paragraph to ask if she understood and whether she had any questions.

123.    Plaintiff's allegations in Paragraph 123 refer to a text conversation between Kiesler and Reed Widen. Defendants admit that Kiesler sent the text message, which message speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent therewith.

124.    Defendants admit that in the referenced conversation with Plaintiff, after she asked where her shares were in a combative tone, he flippantly stated something to the effect that  the shares were "just floating around out there" and that "nobody has them because they're not worth anything." Defendants further aver that Kiesler then stated that the company bought her shares back.

125.    Defendants admit the allegations in Paragraph 125.

126.    Defendants deny that the Redemption Agreement merely "purported to have Stacy sell" her shares of stock" but do admit that the Redemption Agreement was the contract entered into whereby Plaintiff sold her remaining stock in Windy Waters, in the amount and at the per-share prices alleged in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants deny the allegations in Paragraph 128.

129.    Defendants deny the allegations in Paragraph 129.

130.    Defendants admit that the Redemption Agreement contains a provision titled, "Release," which speaks for itself and is the best evidence of its contents. Defendants refer to this Release provision in the Redemption Agreement for a full and accurate recitation of its terms and denies any allegations inconsistent therewith.

131.    Defendants admit that the Redemption Agreement contains a provision titled, "Miscellaneous," which includes a subpart "(g)," among other subparts, which speaks for itself

15

and is the best evidence of its contents. Defendants refer to this Miscellaneous subpart (g) provision in the Redemption Agreement for a full and accurate recitation of its terms and denies any allegations inconsistent therewith.

132.    Plaintiff quotes provisions of the Redemption Agreement, which speak for themselves and are the best evidence of their contents. Defendants refer to the Redemption Agreement provisions for a full and accurate recitation of their terms and denies any allegations inconsistent therewith.

133.    Defendants deny the allegations in Paragraph 133.

134.    Defendants deny the allegations in Paragraph 134.

135.    Defendants deny the allegations in Paragraph 135.

136.    Plaintiff quotes a provision of the Redemption Agreement, which speaks for itself and is the best evidence of its contents. Defendants refer to the Redemption Agreement provision for a full and accurate recitation of its terms and denies any allegations inconsistent therewith.

137.    Defendants admit Kiesler informed Plaintiff that selling her entire interest in Windy Waters was the only way she could obtain cash from Windy Waters at that time, and admit that Kiesler expressed the general sentiment that it could be smart given the current financial state of affairs, including the uncertainty presented by the onset of the COVID-19 pandemic, for Plaintiff to sell her shares because there was no guarantee that Widen Enterprises would remain a viable company. Defendants otherwise admit that the Redemption Documents did not provide for Plaintiff to receive the purchase price in the Redemption Agreement, pursuant to the appended Promissory Note, in cash, and further aver that Defendants did not have such cash to provide in lump sum, as Kiesler had previously stated to Plaintiff on May 6, 2020.

16

138.    Defendants admit that Plaintiff was to be paid pursuant to the terms of the Promissory Note, and that such Promissory Note speaks for itself and is the best evidence of its contents. Defendants refer to the Promissory Note for a full and accurate recitation of its terms and deny any allegations inconsistent therewith.

139.    Plaintiff cites the interest provisions of the Promissory Note, which speaks for itself and is the best evidence of its contents. Defendants refer to the Promissory Note for a full and accurate recitation of its terms and deny any allegations inconsistent therewith. Defendants deny the remaining allegations in Paragraph 139.

140.    Defendants admit the allegations in Paragraph 140.

141.    Defendants admit the allegations in Paragraph 141.

142.    Defendants admit the allegations in Paragraph 142.

143.    Defendants admit the allegations in Paragraph 143.

144.    Defendants admit the allegations in Paragraph 144.

145.    Defendants deny that Reed Widen did not express to Stacy in words or meaning that he denied that "the prospect of selling Widen Enterprises motivated his and Kiesler's actions," as alleged in the first clause of Paragraph 145. Defendants admit that Reed Widen stated "nobody forced you to sell, Stacy."

146.    Defendants admit that Plaintiff stated to Reed Widen in that conversation "I don't even know how much you sold it for," which Mr. Widen understood to mean the sale of Widen Enterprises, Inc.

147.    Defendants deny that Reed Widen stated to Plaintiff, "I don't think that I want to tell you that," as alleged in Paragraph 147. Defendants further aver that Mr. Widen stated something to the effect that Plaintiff had sold her shares so how would she know.

17

148.    Defendants admit the allegation in Paragraph 148 that Acquia purchased Widen Enterprises, Inc. for $162 million. Defendants lack knowledge or information sufficient to form a belief as to when Plaintiff learned of the purchase details of Widen Enterprises, Inc., and therefore deny those allegations. Defendants deny that a value of Widen Enterprises was implied by the purchase priced under the Redemption Agreement.

149.    Defendants admit the allegations in Paragraph 149.

150.    Defendants deny the allegations in Paragraph 150.

151.    Defendants deny the allegations in Paragraph 151.

152.    Defendants admit that the Funds Flow is attached to Plaintiff's Complaint. Defendants' otherwise deny the allegations in Paragraph 152 as Reed Widen did not own Widen Enterprises.

153.    Defendants deny the allegations in Paragraph 153 as Kiesler did not own Widen Enterprises.

154.    Defendants admit that Plaintiff called Reed Widen. Defendants lack knowledge and information sufficient to form a belief as to what Plaintiff believed. Defendants otherwise deny the allegations in Paragraph 154.

155.    Defendants deny the allegations in Paragraph 155. Defendants further aver that any such discussion would have occurred in the conversation the day prior, when Reed Widen called Plaintiff and offered the $1 million gift.

156.    Defendants deny the allegations in Paragraph 156. Defendants further aver that any such discussion would have occurred in the conversation the day prior, when Reed Widen called Plaintiff and offered the $1 million gift.

157.     Defendants did not discuss with Plaintiff Plaintiff's allegation that Defendants must have been contemplating selling Widen Enterprises, Inc. at the time Plaintiff's interest was purchased, which was not an admission of any kind. Defendants further aver that Plaintiff's allegations of anyone contemplating selling Widen Enterprises in or even remotely near to the time of Plaintiff's redemption in May 2020 are untrue and entirely meritless, and Defendants have never indicated a belief to the contrary.

158.     Defendants deny the allegations in Paragraph 158.

159.     Defendants deny the allegations in Paragraph 159, including the allegations in footnote six to Paragraph 159.

160.     Defendants deny the allegations in Paragraph 160.

161.     Defendants deny the allegations in Paragraph 161.

162.     Defendants deny the allegations in Paragraph 162.

163.     Defendants deny the allegations in Paragraph 163.

164.     Defendants deny the allegations in Paragraph 164.

165.     Defendants deny the allegations in Paragraph 165.

166.     Defendants admit that Reed Widen sent Plaintiff a text saying as follows: "I haven't talked to Kiesler yet but I did find out that we that (sic) we didn't start talking about selling it until February this year." Plaintiff's allegations in Paragraph 166 seek to characterize Mr. Widen's text, which speaks for itself and is the best evidence of its contents. Defendants refer to the text message for a full and accurate recitation of its terms and deny any allegations inconsistent therewith. Defendants deny the remaining allegations in Paragraph 166.

167.     Defendants admit that they entered into an M & A Advisory Services Agreement with Software Equity Group Advisors, L.L.C. ("SEG"), effective January 27, 2001, and that SEG

#226312635_v2

helped broker the sale to Acquia. Defendants deny that SEG is "an international investment bank" and deny any additional allegations in Paragraph 167 that seek to characterize the SEG agreement, which speaks for itself and is the best evidence of its contents. Defendants refer to the M & A Advisory Services Agreement for a full and accurate recitation of its terms and deny any allegations inconsistent therewith.

168.    The allegations in Paragraph 168 are denied, as they seek to characterize the M & A Advisory Services Agreement with SEG, which speaks for itself and is the best evidence of its contents. Defendants refer to the M & A Advisory Services Agreement for a full and accurate recitation of its terms and denies any allegations inconsistent therewith.

169.    Defendants deny the allegations in Paragraph 169.

170.    Defendants admit that on September 20, 2021, they received "preservation notices" from Plaintiff's counsel dated September 20, 2021, which preceded the closing of the Acquia acquisition of Widen Enterprises, Inc. Defendants lack knowledge or information sufficient to form a belief as to when Plaintiff retained her litigation counsel, and therefore deny those allegations.

171.    Defendants admit the allegations in Paragraph 171.

172.    Defendants admit the allegations in Paragraph 172.

173.    Defendants admit that Plaintiff's counsel expressed the view that Defendants had defrauded Plaintiff in the Redemption. Defendants deny the remaining allegations in Paragraph 173.

174.    Defendants admit that Reed Widen sent the text included as a screenshot as part of the allegations of Paragraph 174. The text message speaks for itself and is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 174, including but not limited

to Plaintiff's allegation that Mr. Widen said or did something "[i]n retaliation for Plaintiff asserting her rights as a shareholder of the Companies."

175.    Defendants deny the allegations in Paragraph 175.

176.    Defendants deny the allegations in Paragraph 176.

177.    Defendants admit that counsel for Plaintiff contacted counsel for Defendants with the inquiry alleged in Paragraph 177. Defendants deny the remaining allegations in Paragraph 177.

178.    Defendants admit the allegations in Paragraph 178.

179.    Defendants admit the allegations in Paragraph 179.

180.    Defendants lack knowledge or information sufficient to form a belief as to when Plaintiff learned that the formula she had reviewed with Kiesler prior to signing the May 13 Redemption Agreement, and that had been used for her various stock redemptions, was based upon the formula established in the May 7, 2007 Second Amendment to Shareholder Agreement of Windy Waters. Defendants further aver that the May 7, 2007 Second Amendment was a document executed by Plaintiff as not only a shareholder, but also as President of Windy Waters.

181.    Defendants admit that the formula used for voluntary share redemptions by Windy Waters for Plaintiff and others was based on a formula provided in the May 7, 2007 Second Amendment to Shareholder Agreement of Windy Waters, applicable to mandatory distributions. Defendants further aver that no provision or prohibition prevented Windy Waters from basing a formula for voluntary share redemption agreements on a formula used for mandatory redemptions, and Defendants deny any remaining allegations in Paragraph 181.

182.    Defendants deny the allegations in Paragraph 182.

183.    Defendants deny the allegations in Paragraph 183.

184.    The allegations in Paragraph 184 are denied, as they seek to characterize the Windy Waters shareholder agreement, which speaks for itself and is the best evidence of its contents. Defendants refer to the shareholder agreement for a full and accurate recitation of its terms and denies any allegations inconsistent therewith.

185.    Defendants admit a "clawback provision" was not included in the May 13, 2020 Redemption Agreement. Defendants deny the remaining allegations in Paragraph 185.

186.    Defendants admit the allegations in Paragraph 186.

187.    Defendants deny the allegations in Paragraph 187.

188.    Defendants admit that it is their understanding that in many instances, arms-length sales transactions are debt-free and cash-free, where liquid assets are valued dollar-for-dollar. This is a generalization, however, so not universally true. Defendants further aver that there were limitations in the parties' Equity Purchase Agreement as to the extent to which liquid assets would be valued dollar-for-dollar. Plaintiff's allegations in Paragraph 188 seek to characterize that Equity Purchase Agreement, which speaks for itself and is the best evidence of its contents. Defendants refer to the Equity Purchase Agreement for a full and accurate recitation of its terms and deny any allegations inconsistent therewith.

189.    Defendants admit that sellers often remove liquid assets other than working capital from a company when selling it because buyers do not want to "buy" cash (i.e., pay cash for cash). Defendants thus aver that sellers often are not "electing" not to "sell" cash, as alleged in Paragraph 189, because it is the buyer's choice.

190.    Defendants admit that as a general matter, the purchase price that many buyers pay for a company it acquires represents the company's enterprise value on a cash-free, debt-free basis. Defendants further aver, however, that not every transaction is on a cash-free and debt-free basis,

which Plaintiff implies by its allegations in Paragraph 190. Defendants also deny that the acquisition of Widen Enterprises, Inc. by Acquia was purely a cash-free, debt-free transaction; there were limitations in the parties' Equity Purchase Agreement as to the extent to which liquid assets would be valued dollar-for-dollar. Plaintiff's allegations in Paragraph 190 seek to characterize that Equity Purchase Agreement, which speaks for itself and is the best evidence of its contents. Defendants refer to the Equity Purchase Agreement for a full and accurate recitation of its terms and deny any allegations inconsistent therewith.

191.    Defendants deny the allegations in Paragraph 191.

192.    Defendants deny that a generalization can be made necessarily regarding whether financial statements "were entirely consistent with" a later sale, as alleged by Plaintiff in Paragraph 192. Plaintiff also seeks to characterize the financial statements, which speak for themselves and are the best evidence of their own contents. Defendants refer to those financial statements for a full and accurate recitation of their terms and deny any allegations inconsistent therewith.

193.    Defendants deny the generalized allegations in Paragraph 193.

194.    Defendants deny the generalized allegations in Paragraph 194.

195.    Defendants admit that Plaintiff's allegations in Paragraph 195 accurately state revenues for 2019 and 2020. Defendants otherwise deny the remaining allegations in Paragraph 195.

196.    Defendants deny the allegations in Paragraph 196.

197.    Defendants admit the allegations in Paragraph 197.

**FIRST CLAIM FOR RELIEF**
**(Federal Securities Fraud Against All Defendants)**

198.    Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

199. Defendants deny the allegations in Paragraph 199.

200. Defendants admit the allegations in Paragraph 200.

201. Defendants deny the allegations in Paragraph 201.

202. Defendants deny the allegations in Paragraph 202.

203. Defendants deny the allegations in Paragraph 203.

204. Defendants deny the allegations in Paragraph 204.

205. Defendants deny the allegation in Paragraph 205.

206. Defendants deny the allegations in Paragraph 206.

207. Defendants deny the allegations in Paragraph 207.

208. Defendants deny the allegations in Paragraph 208.

209. Defendants deny the allegations in Paragraph 209.

**SECOND CLAIM FOR RELIEF**
**(Federal Securities Fraud Against All Defendants)**

210. Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

211. Defendants deny the allegations in Paragraph 211.

212. Defendants admit the allegations in Paragraph 212.

213. Defendants deny the allegations in Paragraph 213.

214. Defendants deny the allegations in Paragraph 214.

215. Defendants deny the allegations in Paragraph 215.

216. Defendants deny the allegations in Paragraph 216.

217. Defendants deny the allegations in Paragraph 217.

218. Defendants deny the allegations in Paragraph 218.

219. Defendants deny the allegations in Paragraph 219.

### THIRD CLAIM FOR RELIEF
### (Controller Liability Under Section 20(a) of the Exchange Act Against Reed)

220.    Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

221.    Defendants deny the allegations in Paragraph 221.

222.    Defendants deny the allegations in Paragraph 222.

223.    Defendants deny the allegations in Paragraph 223.

224.    Paragraph 224 asserts a legal conclusion to which no response is required. To the extent a further response is deemed required, Defendants deny the allegations in Paragraph 224.

225.    Defendants deny the allegations in Paragraph 225.

226.    Defendants deny the allegations in Paragraph 226.

### FOURTH CLAIM FOR RELIEF
### (Common Law Fraud Against All Defendants)

227.    Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

228.    Defendants deny the allegations in Paragraph 228.

229.    Defendants deny the allegations in Paragraph 229.

230.    Defendants deny the allegations in Paragraph 230.

231.    Defendants deny the allegations in Paragraph 231.

232.    Defendants deny the allegations in Paragraph 232.

233.    Defendants deny the allegations in Paragraph 233.

234.    Defendants deny the allegations in Paragraph 234.

235.    Defendants deny the allegations in Paragraph 235.

### FIFTH CLAIM FOR RELIEF
### (State Law Securities Fraud Against All Defendants)

#226312635_v2

236.     Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

237.     Defendants admit the allegations in Paragraph 237.

238.     Defendants admit the allegations in Paragraph 238.

239.     Defendants deny the allegations in Paragraph 239.

240.     Defendants deny the allegations in Paragraph 240.

241.     Defendants deny the allegations in Paragraph 241.

242.     Defendants deny the allegations in Paragraph 242.

243.     Defendants deny the allegations in Paragraph 243.

244.     Defendants deny the allegations in Paragraph 244.

245.     Defendants deny the allegations in Paragraph 235.

### SIXTH CLAIM FOR RELIEF
**(Breach of Fiduciary Duty Against Reed and Kiesler)**

246.     Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

247.     Defendants deny the allegations in Paragraph 247.

248.     Defendants deny the allegations in Paragraph 248.

249.     Defendants deny the allegations in Paragraph 249.

250.     Defendants deny the allegations in Paragraph 250.

251.     Defendants deny the allegations in Paragraph 251.

252.     Defendants deny the allegations in Paragraph 252.

253.     Defendants deny the allegations in Paragraph 253.

254.     Defendants deny the allegations in Paragraph 254.

26

255.   Defendants deny the allegations in Paragraph 255.

256.   Defendants deny the allegations in Paragraph 256.

257.   Defendants deny the allegations in Paragraph 257.

258.   Defendants deny the allegations in Paragraph 258.

## SEVENTH CLAIM FOR RELIEF
### (Unjust Enrichment Against Reed, Kiesler, and Windy Waters)

259.   Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

260.   Defendants deny the allegations in Paragraph 260.

261.   Defendants deny the allegations in Paragraph 261.

262.   Defendants deny the allegations in Paragraph 262.

263.   Defendants deny the allegations in Paragraph 263.

264.   Paragraph 264 requests a remedy, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 264.

## EIGHTH CLAIM FOR RELIEF
### (Civil Theft – Wisconsin Statutes sections 943.20 and 895.446 Against All Defendants)

265.   Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

266.   Defendants deny the allegations in Paragraph 266.

267.   Defendants deny the allegations in Paragraph 267.

268.   Defendants deny the allegations in Paragraph 268.

269.   Defendants deny the allegations in Paragraph 269.

270.   Paragraph 270 asserts a legal conclusion to which no response is required. To the extent a further response is deemed required, Defendants deny the allegations in Paragraph 270.

#226312635_v2

## NINTH CLAIM FOR RELIEF
### (Relief Pursuant to Wisconsin Statutes section 180.1430(2) for Minority Shareholder Oppression Against Reed)

271.     Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

272.     Defendants deny that Plaintiff was a shareholder of Widen Enterprises. Defendants admit the remaining allegations in Paragraph 272.

273.     Defendants deny that Reed Widen was a controlling shareholder of Widen Enterprises. Defendants admit the remaining allegations in Paragraph 273.

274.     Defendants deny the allegations in Paragraph 274.

275.     Defendants deny the allegations in Paragraph 275.

276.     Defendants deny the allegations in Paragraph 276.

277.     Defendants deny the allegations in Paragraph 277.

278.     Defendants deny the allegations in Paragraph 278.

279.     Defendants deny the allegations in Paragraph 279.

280.     Defendants deny the allegations in Paragraph 280.

281.     Defendants deny the allegations in Paragraph 281.

282.     Defendants deny the allegations in Paragraph 282.

283.     Defendants deny the allegations in Paragraph 283.

284.     Defendants deny the allegations in Paragraph 284.

285.     Paragraph 285 requests a remedy, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 264.

## TENTH CLAIM FOR RELIEF
### (Civil Conspiracy to Commit Common Law Fraud Against All Defendants)

286.     Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

287.     Defendants deny the allegations in Paragraph 287.

288.     Defendants deny the allegations in Paragraph 288.

289.     Defendants deny the allegations in Paragraph 289.

290.     Defendants deny the allegations in Paragraph 284.

## ELEVENTH CLAIM FOR RELIEF
### (Declaratory Relief Pursuant to Declaratory Judgment Act, 28 U.S.C. § 2201)

291.     Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

292.     Paragraph 292 asserts a legal conclusion to which no response is required. To the extent a further response is deemed required, Defendants deny the allegations in Paragraph 292.

293.     Defendants deny the allegations in Paragraph 293.

294.     Defendants admit the allegations in Paragraph 294.

295.     Defendants deny the allegations in Paragraph 295.

296.     Defendants deny the allegations in Paragraph 296.

## TWELFTH CLAIM FOR RELIEF
### (Declaratory Relief Pursuant to the Declaratory Judgment Act and Wisconsin Statutes section 806.04 that the Redemption Documents Are Void and Unenforceable Due to Unconscionability)

297.     Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

298.     Defendants deny the allegations in Paragraph 298.

299.     Defendants deny the allegations in Paragraph 299.

300.     Defendants admit the allegations in Paragraph 300.

301.   Defendants deny the allegations in Paragraph 301.

302.   Defendants deny the allegations in Paragraph 302.

303.   Defendants admit that Plaintiff was 62 years old and had at least a high school level education when she signed the Redemption Documents. Defendants deny the remaining allegations in Paragraph 303.

304.   Defendants admit that they have experience in business. Defendants deny the remaining allegations in Paragraph 304.

305.   Defendants deny the allegations in Paragraph 305..

306.   Defendants deny the allegations in Paragraph 306.

307.   Defendants deny the allegations in Paragraph 307.

308.   Paragraph 308 asserts a legal conclusion to which no response is required. To the extent a further response is deemed required, Defendants deny the allegations in Paragraph 308.

309.   Defendants deny the allegations in Paragraph 309.

### THIRTEENTH CLAIM FOR RELIEF
**(Declaratory Relief Pursuant to the Declaratory Judgment Act and Wisconsin Statutes section 806.04 that the Redemption Documents Are Void and Unenforceable Due to Duress)**

310.   Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

311.   Defendants deny the allegations in Paragraph 311.

312.   Defendants deny the allegations in Paragraph 312.

313.   Defendants admit the allegations in Paragraph 313.

314.   Defendants deny the allegations in Paragraph 312.

315.   Defendants deny the allegations in Paragraph 315.

316.   Defendants deny the allegations in Paragraph 316.

317.     Defendants deny the allegations in Paragraph 317.

318.     Defendants deny the allegations in Paragraph 318.

319.     Paragraph 319 asserts a legal conclusion to which no response is required. To the extent a further response is deemed required, Defendants deny the allegations in Paragraph 319.

### FOURTEENTH CLAIM FOR RELIEF
**(Declaratory Relief Pursuant to the Declaratory Judgment Act and Wisconsin Statutes section 806.04 that the Redemption Documents Are Void and Unenforceable As Against Public Policy)**

320.     Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

321.     Defendants deny the allegations in Paragraph 321.

322.     Defendants deny the allegations in Paragraph 322.

323.     Defendants admit the allegations in Paragraph 323.

324.     Defendants deny the allegations in Paragraph 324.

325.     Defendants deny the allegations in Paragraph 325.

326.     Paragraph 326 asserts a legal conclusion to which no response is required. To the extent a further response is deemed required, Defendants denies the allegations in Paragraph 326.

327.     The allegations in Paragraph 327 are denied, as they seek to characterize the Redemption Documents which speak for themselves and are the best evidence of their contents. Defendants refer to the Redemption Documents for a full and accurate recitation of their terms and denies any allegations inconsistent therewith.

328.     Defendants deny the allegations in Paragraph 328.

329.     Paragraph 329 asserts a legal conclusion to which no response is required. To the extent a further response is deemed required, Defendants denies the allegations in Paragraph 329.

330.     Paragraph 330 asserts a legal conclusion to which no response is required. To the extent a further response is deemed required, Defendants denies the allegations in Paragraph 330.

331.     Defendants deny the allegations in Paragraph 331.

332.     Defendants deny the allegations in Paragraph 332.

333.     Defendants admit that Plaintiff was not represented by counsel at the execution of the Redemption Documents on May 13, 2020, and that Defendants were represented by counsel for purposes of the Redemption. Defendants otherwise deny the allegations in Paragraph 333.

**FIFTEENTH CLAIM FOR RELIEF**
**(Piercing the Corporate Veil)**

334.     Defendants incorporate by reference each of the preceding paragraphs as if fully set forth herein.

335.     Defendants deny the allegations in Paragraph 335.

336.     Defendants deny the allegations in Paragraph 336.

337.     Defendants deny the allegations in Paragraph 337.

338.     Defendants deny the allegations in Paragraph 338.

339.     Defendants deny the allegations in Paragraph 339.

340.     Defendants deny the allegations in Paragraph 340.

**JURY DEMAND**

Defendants deny all allegations contained in Plaintiff's jury demand and/or prayer for relief.

***

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden that properly lies on Plaintiff, Defendants state the following affirmative defenses and other defenses. Defendants have not knowingly or intentionally waived

32

any applicable affirmative or other defenses and reserves the right to assert and rely on such other applicable affirmative or other defenses as may become available or apparent during discovery proceedings, and further reserves the right to amend this Answer and defenses accordingly.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, or one or more of the claims for relief set forth therein, fails to state a claim against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, or one or more of them, are barred in whole or in part under the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, or one or more of them, are barred in whole or in part under the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or one or more of them, are barred in whole or in part under the doctrine of consent.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or one or more of them, are barred in whole or in part because Plaintiff has released all claims against Defendants arising from the sale and purchase of her shares on May 13, 2020.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or one or more of them, are barred in whole or in part because Plaintiff ratified the Redemption Agreement and Promissory Note through acceptance of the payments agreed to in exchange for the redemption of her remaining shares on May 13, 2020.

#226312635_v2

Dated: August 7, 2023                    Respectfully submitted,


                                         */s/ Mark H. Churchill*
                                         Mark H. Churchill
                                         Martin Durkin
                                         HOLLAND & KNIGHT LLP
                                         1650 Tysons Blvd., Suite 1700
                                         Tysons, VA 22102
                                         Phone: 703.720.8600
                                         Fax: 703.720.8610
                                         mark.churchill@hklaw.com
                                         martin.durkin@hklaw.com

                                         Dean P. Laing
                                         Christa Wittenberg
                                         O'Neal, Cannon, Hollman, DeJong & Laing S.C.
                                         111 E. Wisconsin Ave.
                                         Milwaukee, WI 53202
                                         Phone: 414.276.5000
                                         Dean.Laing@wilaw.com
                                         Christa.Wittenberg@wilaw.com


                                         *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August 2023, I electronically filed the foregoing document using the Court's CM/ECF system, copies of which will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing.

*/s/ Mark H. Churchill*
Mark H. Churchill

*Counsel for Defendants*

#226312635_v2