IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

STACY L. RANDALL,

           Plaintiff,

v.

REED C. WIDEN, MICHAEL KIESLER,
WIDEN ENTERPRISES, LLC, and
WINDY WATERS, INC.,

           Defendants.

Civil Action No. 22-cv-400

---

**DEFENDANTS' BRIEF IN OPPOSITION TO STEVEN RANDALL'S
MOTION FOR PROTECTIVE ORDER**

---

Defendants repeatedly offered to accommodate the health conditions of third-party witness Steven Randall,[1] and remain willing to do so. The only dispute is whether or not Steven's health conditions should require a court order limiting the deposition to two hours. This arbitrary time limitation is not warranted by the law or the facts and is unreasonable. Steven's Motion for Protective Order (ECF No. 49) should be denied.

From the start, Defendants' counsel has offered to accommodate Steven's needs. The same day Steven was served with a subpoena to testify at a deposition, he called undersigned counsel for Defendants. Wittenberg Decl., filed herewith, ¶ 2; *see also* Steven Randall Decl., ECF No. 50, at ¶ 4 (noting date of service). Steven mentioned he was disabled, and counsel immediately offered to adjust the start time if needed and informed him the deposition could be held at any location that would work for him, even his home. Wittenberg Decl. ¶¶ 2-3. Steven told counsel he might

---

[1] With motions pending by two individuals with the same last name, Defendants' counsel refers to the witness as Steven throughout this brief.

like the deposition to be at his home, and said he would like a few days to think about it. *Id.* ¶ 3. Counsel called Steven back a week and a half later to attempt to confirm plans. *Id.* ¶ 4. Steven confirmed he would like the deposition to be at his home, and confirmed he was fine with a 10 am start time. *Id.* When he and counsel started discussing the logistics of who was to attend, Steven mentioned for the first time that he was planning to retain lawyers for purposes of the deposition and said he was going to be represented by someone at Boardman Clark. *Id.* Counsel immediately informed Steven she could not talk to him directly, and ended the phone call. *Id.* Boardman Clark did not return undersigned counsel's call. *Id.* ¶ 5.

On September 28, 2023, David Palay, counsel for Plaintiff, informed counsel for Defendants that his firm was also representing Steven for the limited purpose of attempting to obtain a protective order, and that he did not know if his firm would be representing Steven for purposes of the deposition itself. *Id.* ¶ 6. Undersigned counsel again offered to hold the deposition at Steven's home and to adjust the start time if needed. *Id.* ¶ 7. When Mr. Palay explained Steven's medical conditions and need for frequent breaks, undersigned counsel offered to take breaks as often as needed. *Id.* When Mr. Palay explained Steven may have a difficult time sitting for a deposition for an extended period of time (even with frequent breaks), undersigned counsel offered to break it up over multiple days. *Id.* ¶ 8. Mr. Palay declined. *Id.*

Defendants' counsel remains willing to accommodate the requests Steven has made to have breaks every 10 minutes and for the deposition to take place in his home. Defendants' counsel will also make every effort to accommodate his physical comfort during the deposition and is willing to break it up into multiple days if Steven finds himself unable to concentrate after a certain period of time. No one is asking Steven to dehydrate himself or even leave his home. The only

accommodation request Steven has now made, through Plaintiff's counsel, that Defendants' counsel cannot accommodate is for an arbitrary two-hour time limit.

The facts before the Court do not explain any reason for this arbitrary limitation. Steven's declaration noticeably omits any reference to any need for a time limit at all, much less two hours. *See generally* Steven Randall Decl., ECF No. 50. All Steven states is that he has medical conditions that cause physical discomfort and that could impact the ability to concentrate, and has a need to urinate frequently. *See id.* None of this supports setting a time limit on the deposition.

Steven's request is also unsupported by law. Counsel does not cite any cases setting a time limit on depositions in circumstances like these (or ever). *See generally* ECF No. 49. Depositions are ordinarily limited to seven hours. Fed. R. Civ. P. 30(d)(1). A two-hour time limit on the record is unreasonable and unfair. Counsel cannot predict what the witness will know or not know or what his answers will be, and two hours is not a lot of time in the slow and stilted question-and-answer format of a deposition. Even more, a two-hour limit would be particularly unreasonable here for three reasons.

First, if the deposition is adjourned every 10 minutes to accommodate Steven's need to use the restroom, the questioning will be disjointed. Extra time will likely be needed to get the witness back on track and re-orient him to the topic under discussion after each break.

Second, the time limit has the potential to hinder the goal of accommodating Steven's physical needs. For example, if he needs frequent pauses to adjust his positioning while on the record during the deposition or to regain his concentration, undersigned counsel should not be forced to face a choice between rushing him along or sacrificing the time to ask more questions.

Third, as made apparent by the motion filed by Plaintiff also objecting to this deposition, Plaintiff's counsel is likely to object if they feel the questioning is straying into matters protected

3

by the marital communications privilege. The objections have the potential to be complicated and may require follow-up questions to the witness to establish the outer edges of any privileged information. This will add to the time on the record. Application of a two-hour time limit creates an unnecessary concern that time spent on lawyer objections will infringe upon Defendants' ability to take Steven's deposition and obtain the responsive, appropriate discovery that Defendants rightfully seek. There is no basis in fact or law for jeopardizing this non-party deposition; especially given the accommodations that Defendants have offered to extend Steven for however long the deposition takes.

"A reasonable inconvenience must be borne to further the goals of discovery—the making available to litigants all relevant and available information." *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 408 (D.D.C. 1984). "[A] subpoena should be enforced so long as it 'is reasonable under the circumstances.'" *Colborn v. Netflix, Inc.*, 608 F. Supp. 3d 736, 740 (E.D. Wis. 2022) (quoting *McKevitt v. Pallasch*, 339 F.3d 530, 533 (7th Cir. 2003)). The subpoena to Steven is reasonable and necessary for Defendants to conduct full and fair discovery in this case. Defendants have the right to uncover whatever it is Plaintiff is trying to hide through meritless attempts to prevent Steven's deposition.

For these reasons, Defendants respectfully request that the Court deny Steven's Motion for Protective Order (ECF No. 49). If the Court is inclined to limit the parties to two hours on the record in a given day, Defendants request that such ruling specify the deposition may be continued from day to day until it is complete.

[SIGNATURE APPEARS ON FOLLOWING PAGE]

Dated: October 3, 2023

        Respectfully submitted,

        <u>s/Christa D. Wittenberg</u>
        Dean P. Laing
        Christa D. Wittenberg
        O'Neil, Cannon, Hollman, DeJong & Laing S.C.
        111 East Wisconsin Avenue, Suite 1400
        Milwaukee, Wisconsin 53202
        Phone: 414.276.5000
        dean.laing@wilaw.com
        christa.wittenberg@wilaw.com

        Mark H. Churchill
        Martin Durkin
        Sarah Morain
        HOLLAND & KNIGHT LLP
        1650 Tysons Boulevards, Suite 1700
        Tysons, Virginia 22102
        Phone: 703.720.8600
        mark.churchill@hklaw.com
        martin.durkin@hklaw.com
        sarah.morain@hklaw.com

        *Attorneys for Defendants*