IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

STACY L. RANDALL,

        Plaintiff,

v.

REED C. WIDEN, MICHAEL KIESLER,
WIDEN ENTERPRISES, LLC, and
WINDY WATERS, INC.,

        Defendants.

Civil Action No. 22-cv-400

## DECLARATION OF CHRISTA D. WITTENBERG

I, Christa D, Wittenberg, declare as follows:

1. I am an attorney at the law firm of O'Neil, Cannon, Hollman, DeJong & Laing S.C., counsel for Reed C. Widen, Michael Kiesler, Widen Enterprises, LLC, and Windy Waters, Inc. (the "Defendants") in the above-captioned action. I make this declaration on the basis of my personal knowledge.

2. On September 14, 2023, third-party witness Steven Randall called me after receiving the subpoena to testify at a deposition that I had issued. During that call, he informed me he was disabled. I immediately offered to adjust the timing of the deposition and informed him that it could be held at any location that would work for him, even his home.

3. Mr. Randall told me that he might like the deposition to be at his home and said he would like a few days to think about it.

4. I called Mr. Randall back on September 25, 2023, to attempt to confirm plans for the deposition. Mr. Randall confirmed he would like the deposition to take place at his home, and

1

confirmed he would like a 10 am start time. During this conversation, Mr. Randall mentioned to me for the first time that he intended to retain counsel for the purposes of the deposition and said he was going to be represented by someone at Boardman Clark, but did not know the name. I immediately informed Mr. Randall I could no longer talk to him directly and ended the phone call.

5. I contacted Boardman Clark the following day and left a message, but did not receive a response.

6. On September 28, 2023, David Palay, counsel for Plaintiff, informed me that his firm was representing Mr. Randall for the limited purpose of attempting to obtain a protective order, and that he did not know if his firm would be representing Steven for purposes of the deposition itself.

7. During this phone call, I again offered to hold the deposition at Mr. Randall's home and to adjust the start time, if needed. When Mr. Palay informed me of Mr. Randall's medical conditions and need for frequent breaks, I offered to take breaks as often as needed.

8. When Mr. Palay informed me that Mr. Randall may have difficulty sitting for a deposition for an extended period of time (even with frequent breaks), I offered to break the deposition up over multiple days. Mr. Palay declined.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 3rd day of October 2023.

s/Christa D. Wittenberg
Christa D. Wittenberg