IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

STACY L. RANDALL,

        Plaintiff,

v.

REED C. WIDEN, MICHAEL KIESLER,
WIDEN ENTERPRISES, LLC, and
WINDY WATERS, INC.,

        Defendants.

Civil Action No. 22-cv-400

---

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION
FOR MODIFICATION OF THE SUBPOENA OR A PROTECTIVE
ORDER**

---

The proper procedure when a party believes a deposition question calls for information protected by a privilege they hold is to object to the question and instruct the witness not to answer. Fed. R. Civ. P. 30(c)(2). This tried-and-true method for asserting privilege objections is sufficient to protect any interest Plaintiff may have over privileged communication with her ex-husband, Steven Randall,[1] before they were permanently separated by at least April 2019 and ultimately divorced in November 2020. Plaintiff's motion seeking a modification of the subpoena served on Steven or a protective order limiting the scope of Steven's deposition (ECF No. 52) puts the cart before the horse and seeks to upend this orderly procedure. The motion should be denied.

**Legal Standard**

Litigants have the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "It is well settled that the Federal

---

[1] With motions pending by two individuals with the same last name, Defendants' counsel refers to the witness as Steven throughout this brief.

Rules of Civil Procedure provide the broadest possible discovery. Federal courts have consistently chosen to maintain that liberal interpretation of the rules." *Roto-Finish Co. v. Ultramatic Equip. Co.*, 60 F.R.D. 571, 572 (N.D. Ill. 1973); *see also Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("[T]he deposition-discovery rules are to be accorded a broad and liberal treatment."). "The framework for discovery established by the Federal Rules of Civil Procedure evidences a policy favoring the full disclosure of facts before trial to aid in the search for the truth." *Zander v. Craig Hosp.*, 267 F.R.D. 653, 658 (D. Colo. 2010).

Given the liberal construction of the rules of discovery, privileges "must be strictly construed and accepted 'only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.'" *Trammel v. United States*, 445 U.S. 40, 50 (1980) (quoting *Elkins v. United States*, 364 U.S. 206, 234 (1960) (Frankfurter, J., dissenting)). To that end, a movant seeking a protective order "bears the burden of showing good cause, and such burden must be satisfied with 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause.'" *Patt v. Fam. Health Sys., Inc.*, 189 F.R.D. 518, 522 (E.D. Wis. 1999), *aff'd*, 280 F.3d 749 (7th Cir. 2002) (quoting 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2035 (2d ed.1994)).

**Argument**

Plaintiff seeks modification of the subpoena or a protective order solely on the basis that Steven is Plaintiff's ex-husband. Plaintiff's position erroneously presumes that any information in Steven's possession is necessarily within the scope of the marital communication privilege.

Moreover, the Federal Rules of Civil Procedure already provide a mechanism for Plaintiff to protect her privilege interests. Accordingly, the Court should deny Plaintiff's motion.

**I.       There is a well-established procedure for objecting to questions during a deposition that adequately protects Plaintiff's interests.**

The rule governing depositions in federal cases, Rule 30 of the Federal Rules of Civil Procedure, establishes a standard procedure for objecting to questions during a deposition. Rule 30(c)(2) requires objections to "be noted on the record," but recognizes that "the examination still proceeds; the testimony is taken subject to any objection." A deponent may be instructed not to answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

This practice is routinely approved by courts when discussing privilege objections and issues, including the following examples:

- The Northern District of Illinois denied a motion to quash a subpoena directed to an attorney in *Hunt Int'l Res. Corp. v. Binstein*, 98 F.R.D. 689 (N.D. Ill. 1983). The court explained why the relief was not warranted: "[C]ompletely preventing the taking of a deposition . . . would tend to limit or fix the scope of the examination before it began and would usurp the court's role in deciding whether certain questions seek privileged information." *Id.* at 690. The court then explained, "The more appropriate method is to allow the deposition to be taken and permit the attorney to claim privilege in the face of certain questions, if necessary." *Id.*

- The Southern District of Indiana granted a motion to compel the deposition of an attorney in *Kaiser v. Mut. Life Ins. Co. of N.Y.*, 161 F.R.D. 378 (S.D. Ind. 1994). The court rejected the numerous concerns raised by the party opposing the deposition, concluding: "None of these concerns, however, alone or in combination, justify a court deviating from the framework provided in the rules for raising and resolving such concerns." *Id.* at 381. The court instructed that "deponents are expected instead to assert their objections during the deposition and to allow questioning parties to develop circumstantial facts in order to explore the propriety of the assertion of the privilege, immunity, or other objection." *Id.* at 380.

- The District of Utah denied a motion to quash a subpoena based on an attorney-client privilege concern in *S.E.C. v. McCabe*, No. 2:13-CV-00161, 2015 WL 2452937 (D. Utah May 22, 2015). Two of the court's reasons are instructive. First, the court noted that merely because an attorney may have been the person with the most knowledge of the facts did not mean everything was privileged: "the mere fact

of being an attorney does not mean everything that person does is privileged." *Id.* at *4. Second, the court noted, "To the extent Defendant's examination strays into truly privileged or irrelevant areas, the court is confident that the SEC's counsel is familiar with the appropriate procedure for objecting at a deposition, and, if required, involving the court." *Id.*

- The District of Delaware denied a motion for protective order preventing the deposition of an attorney in *Scovill Mfg. Co. v. Sunbeam Corp.*, 61 F.R.D. 598 (D. Del. 1973). The court concluded that "a protective order would be improper and premature at this time." *Id.* at 603. Instead, the court reasoned that "[a]t the noticed depositions, [plaintiff] can object to questions it considers improper and advise [the witness] not to answer." *Id.*

- The District of Massachusetts examined the procedure for raising privilege objections and concluded it must be done question by question, during the deposition. *Moloney v. United States*, 204 F.R.D. 16, 19-21 (D. Mass. 2001). In its lengthy analysis, the court stated: "Commenting on [Rule 26], one leading treatise states: . . . In the deposition context . . . the objection should ordinarily be asserted when a question seeking privileged material is asked, and the questioner may explore the propriety of the objection with questions going to the availability of the privilege." *Id.* (quoting 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2016.1 (1994) (footnotes omitted)).

Similarly, courts reject blanket assertions of the Fifth Amendment privilege from self-incrimination and require the privilege be invoked on a question-by-question basis. *Shakman v. Democratic Org. of Cook Cnty.*, 920 F. Supp. 2d 881, 888 (N.D. Ill. 2013). Invoking the privilege as each question is raised "enables the district judge in any subsequent proceeding to decide the merit of the claim of privilege." *United States v. Awerkamp*, 497 F.2d 832, 836 (7th Cir. 1974).

This standard, accepted practice of objecting to specific questions that implicate privilege during the deposition, rather than seeking relief in advance, is no different in the context of the marital communication privilege. The District of New Mexico approved of this process when addressing issues related to the deposition of a common-law spouse of an alleged at-fault driver. *Beller ex rel. Beller v. United States*, 221 F.R.D. 679 (D.N.M. 2003). Ettaline Perry, a non-party witness, was asked several questions at her deposition that called for private conversations with the driver. *Id.* at 681. Perry asserted the marital communication privilege, and her attorney

4

instructed her not to answer those questions. *Id.* Following the deposition, she moved for a protective order to confirm the privilege indeed applied even though the marriage in question was a common-law marriage never legally recognized. *Id.* at 682.

The court approvingly recognized that Perry's attorney "instructed her to refrain from answering only in very limited instances." *Id.* at 689. Perry "answered all questions that did not involve marital communications"; Perry answered "questions [that] went to underlying facts, rather than communications"; and Perry answered questions regarding marital communication that she had previously voluntarily disclosed. *Id.* The court approved of this practice, noting "Perry did not invoke a blanket exception to being deposed, and the objections she did raise were narrowly fashioned and justified by federal privilege law." *Id.*

There is no reason the parties should follow a different procedure in this case. As is the case with all other privileges, if a question posed to Steven legitimately implicates the marital communication privilege, Plaintiff's counsel can object on those grounds and instruct the witness not to answer. That is the protection the rules afford and is sufficient to protect Plaintiff's interests.

**II.     The marital communication privilege is limited in scope.**

The scope of the marital communication privilege is narrow: it protects only *private communication* between spouses made during a valid marriage. The Seventh Circuit has consistently reiterated that the privilege applies only to communication—not underlying facts or observations. *See, e.g.*, *United States v. Brock*, 724 F.3d 817, 820 (7th Cir. 2013) ("[T]he protected subject matter includes only what one spouse communicates to the other, not what one spouse learns about the other in other ways, such as by observing the other's actions."); *United States v. Lofton*, 957 F.2d 476, 477 (7th Cir. 1992) ("Acts observed by the spouse are not protected by the communications privilege."); *United States v. Short*, 4 F.3d 475, 478 (7th Cir. 1993) ("Because testimony about first-hand observations would not affect the decision to confide in one's spouse,

5

the privilege does not extend to descriptions of observations."); *United States v. Madoch*, 149 F.3d 596, 602 (7th Cir. 1998) ("[T]he marital communications privilege protects only communications made in confidence . . . .").

The mere fact that a communication was made between a married couple does not mean it is automatically privileged. Various circumstances can show that communication between spouses made during a marriage were not confidential. *See, e.g.*, *Wolfle v. United States*, 291 U.S. 7, 14 (1934) ("[W]herever a communication, because of its nature or the circumstances under which it was made, was obviously not intended to be confidential, it is not a privileged communication."). As one example, communication made in the presence of third parties are not "private," and therefore are not privileged. *Id.* ("[W]hen made in the presence of a third party such communications are usually regarded as not privileged because not made in confidence."); *Pereira v. United States*, 347 U.S. 1, 6 (1954) ("The presence of a third party negatives the presumption of privacy."). Additionally, communication between spouses concerning business matters is not privileged. *See, e.g.*, *Veracities PBC v. Strand*, 602 F. Supp. 3d 1354, 1357-59 (D. Or. 2022) ("The Court agrees that there exists a federal common law exception to the marital communications privilege for ordinary business communications.") (collecting cases). Communication between spouses who are permanently separated also is not privileged. *United States v. Byrd*, 750 F.2d 585, 593 (7th Cir. 1984) ("We . . . hold that only communications that take place during a valid marriage between couples still cohabiting pursuant to that marriage are protected by the privilege."). Finally, the privilege is waived as to any communication that is later disclosed to someone outside the marriage. *Brock*, 724 F.3d at 820-21.

Put another way, the only time Steven's answer to a question could provide information that Plaintiff could possibly claim to be privileged is if that answer meets all of the following criteria:

- It relays statements one of them made to the other.

- Those statements were made in private, under circumstances that showed it was intended to be kept confidential.

- Those statements were made after August 5, 1978, the day Plaintiff and Steven were married. *See* Steven Randall Decl., ECF No. 50, at ¶ 3.

- Those statements were made prior to November 20, 2020, the day their marriage ended. *See id.*

- Those statements were made prior to the date they stopped cohabiting pursuant to their marriage, which date Defendants do not presently know (though their divorce petition shows to be no later than April 1, 2019).

- Those statements are not about business matters.

- Neither Steven nor Stacy ever told anyone else about those statements.

That leaves a remarkably broad range of topics that are not privileged, and innumerable questions that may be asked of Steven—including many that cannot be planned or predicted in advance—that do not call for privileged information. Steven's actions, observations, and business or otherwise non-confidential communications with Plaintiff are all fair topics for discussion. The circumstances that will dictate whether or not a particular communication is privileged will have to be discovered during the deposition itself and cannot be determined in advance.

### III. Plaintiff is not entitled to the remedies she seeks.

As a preliminary matter, Plaintiff is not entitled to seek a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. That rule allows "[a] party or any person *from whom discovery is sought*" to move for a protective order. Fed. R. Civ. P. 26(c)(1). No discovery is sought from Plaintiff pursuant to the subpoena to Steven. But even assuming the Court finds she has standing under Rule 26 or Rule 45, Plaintiff is not entitled to the unique forms of relief she seeks.

#### A. Defendants should not be required to disclose the potential topics of Steven's deposition in advance.

Among the relief Plaintiff's counsel requests is to learn of the potential topics of Steven's deposition in advance. Plainly, it is not a protective order Plaintiff seeks but a road map to counsel's thoughts and strategies.

The only time a party must disclose the matters for examination during a deposition is when seeking to depose an organization. Fed. R. Civ. P. 30(b)(6). Otherwise, all that is required of a subpoena or a notice of deposition is to identify the time, place, and method of recording. Fed. R. Civ. P. 30; Fed. R. Civ. P. 45(a)(1). Defendants' subpoena complied with those requirements. *See* ECF No. 50-1.

The mere fact that Plaintiff is a holder of the marital communication privilege does not provide good cause to require the Defendants to reveal core attorney work product. Plaintiff's counsel cites no cases, and undersigned counsel is aware of none, imposing this invasive condition on a deposition under the guise of a protective order. In fact, a similar condition was rejected in the context of a grand jury examination. The Seventh Circuit overturned a district court ruling that an attorney could not be questioned unless the government established in advance that the information sought was not privileged. *In re Walsh*, 623 F.2d 489, 493 (7th Cir. 1980). The court

concluded that the attorney had to appear, without restrictions, and "establish the elements of the privilege as to . . . each question asked" to allow the court to rule on privilege issues. *Id.*

A disclosure of topics in advance and a requirement to stick to them would also be impractical and unfairly limit Defendants from obtaining the discovery they need. Good lawyers do not follow scripts when asking questions during a deposition. Rather, good lawyers listen to the answers and tailor the questions accordingly, often thinking of follow-up questions and new lines of questioning to ask as the deposition unfolds. It would be extremely unfair to require Defendants' counsel to not just disclose this information in advance (giving the other party a road map to counsels' strategies and arguments), but then to further be prevented from asking questions beyond that narrow list even if their necessity becomes apparent during the deposition. Moreover, such a limitation would invite debate over whether a particular question fell within a particular topic, spawning a whole new area for dispute. Plaintiff's request is unfair, unworkable, and unauthorized by the Federal Rules of Civil Procedure.

### B. The Court should not prohibit specific topics or lines of questioning.

An additional form of relief Plaintiff seeks is an order "prohibiting Defendants from inquiring into any matters covered by the [marital communications] privilege." ECF No. 52 at 2. This relief is unwarranted and improper.

First, Plaintiff again cites no cases in which this form of relief is granted. If she wishes to invoke privilege, the way to do that is through an objection after the question is asked, not a blanket ban in advance. One court, in denying a motion for a protective order asking to prevent a party asking questions about prior alleged misconduct, rejected a request for a similar prohibition on a certain topic of questioning. *Young v. City of Harvey & Denard Eaves*, No. 15 C 11596, 2016 WL 4158952, at *5 (N.D. Ill. Aug. 4, 2016). The court noted it was "not possible to concretely police the deposition questioning with a ban" on particular questions or topics. *Id.* The same is true here.

9

A ruling that Defendants' counsel cannot ask about privileged information would be impossible to police unless the Court wished to observe the entire deposition.

Second, an order prohibiting asking about matters protected by privilege would be fundamentally unfair for one key reason: It may be impossible for Defendants' counsel to know whether a question calls for Steven to disclose a confidential marital communication until he begins to answer it or until he answers other questions about the communication. Undersigned counsel does not know what Steven will say or the basis for any of this knowledge about the claims and relevant facts in this case. It would be wholly unfair to impose an order when counsel lacks sufficient information to be able to comply with it.

## Conclusion

Plaintiff has not met her burden to show that modification of the subpoena or a protective order is proper. Plaintiff may assert the marital communications privilege in response to any question that she believes calls for privileged information. That is the protection already afforded by the discovery rules, and is sufficient in this case. Defendants respectfully request that Plaintiff's motion to modify the subpoena served on Steven, or to issue a protective order (ECF No. 52) be denied.

Dated: October 3, 2023

Respectfully submitted,

s/Christa D. Wittenberg
Dean P. Laing
Christa D. Wittenberg
O'Neil, Cannon, Hollman, DeJong & Laing S.C.
111 East Wisconsin Avenue, Suite 1400
Milwaukee, Wisconsin 53202
Phone: 414.276.5000
dean.laing@wilaw.com
christa.wittenberg@wilaw.com

Mark H. Churchill
Martin Durkin
Sarah Morain
HOLLAND & KNIGHT LLP
1650 Tysons Boulevards, Suite 1700
Tysons, Virginia 22102
Phone: 703.720.8600
mark.churchill@hklaw.com
martin.durkin@hklaw.com
sarah.morain@hklaw.com

*Attorneys for Defendants*