UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

STACY L. RANDALL,

        Plaintiff,

v.

REED C. WIDEN, MICHAEL KIESLER,
WIDEN ENTERPRISES, LLC, and
WINDY WATERS, INC.,

        Defendants.

Case No. 3:22-cv-00400-jdp

---

### PLAINTIFF'S MOTION TO COMPEL DESIGNATION OF RULE 30(b)(6) WITNESSES

---

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(ii), Plaintiff Stacy Randall ("Plaintiff" or "Stacy") moves the Court to compel Defendants to designate witnesses under Federal Rule of Civil Procedure 30(b)(6) so that she may depose Defendants Widen Enterprises, LLC and Windy Waters, Inc. prior to the October 30, 2023 summary judgment response deadline, or as to the alternative relief described below.

Plaintiff served Rule 30(b)(6) notices along with lists of topics on Defendants Widen Enterprises, LLC and Windy Waters, Inc. on October 6, 2023, seeking dates for those depositions before October 22, 2023; she followed up with placeholder dates on October 9, 2023, indicating at the same time a willingness to select alternative dates to accommodate Defendants' schedules. After nearly a week of silence, Plaintiff sought confirmation that Defendants would produce witnesses on the noticed dates. Defendants stated they would not.

Plaintiff has attempted in good faith to accommodate Defendants' objections. She has offered to take those depositions between October 23 and 27, rather than before October 22. She has also offered to take those depositions *after* the summary judgment response deadline of October

30, subject to Defendants' willingness not to oppose Plaintiff's supplementation of her summary judgment response with information learned through those 30(b)(6) depositions. Defendants have refused both attempts at compromise. Moreover, for certain topics, Defendants have stated that, rather than preparing and designating a witness, they plan to "designate" prior deposition testimony of Michael Kiesler, Reed Widen, and/or Matthew Gonnering, but they have refused to provide those designations before October 30, either.

Plaintiff is entitled to depose Windy Waters and Widen Enterprises. And she is entitled to take those depositions on a schedule that will allow her to make use of that information in opposing Defendants' seventy-page summary judgment motion (which covers every one of Stacy's fifteen claims as well as numerous defenses), including addressing Defendants' 455 proposed findings of fact. Defendants have rejected all compromises that Plaintiff has offered to make that possible and have proposed no alternative compromises, leaving the parties at an impasse. Accordingly, Plaintiff respectfully requests that the Court order Defendants to designate and produce witnesses to testify pursuant to Rule 30(b)(6) *before* October 30. In the alternative, Plaintiff requests that the Court grant Plaintiff permission to supplement her summary judgment response within a reasonable time after the Rule 30(b)(6) depositions are taken; Plaintiff would commit to limiting such supplementation to address *only* new information learned during the Rule 30(b)(6) depositions of the Defendants.

## FACTUAL BACKGROUND

Plaintiff Stacy Randall filed this lawsuit on July 21, 2022, alleging fifteen claims for relief against Defendants Reed Widen, Michael Kiesler, Windy Waters, and Widen Enterprises. The parties have been actively engaged in discovery over the past several months: in addition to written

discovery, Stacy has taken the depositions of Reed, Kiesler, and Widen Enterprises CEO Matthew Gonnering.[1]

On September 29, 2023, Defendants filed a motion for summary judgment that sought judgment as a matter of law on all fifteen of Stacy's claims, as well as numerous of their own defenses. They accompanied that motion with 455 proposed findings of fact, many supported by statements that purported to set forth the Companies' position and knowledge on critical topics, including Reed Widen's compensation, his day-to-day involvement in the Companies in 2019 and 2020, and the impact of the COVID-19 pandemic on the Companies. Some of those positions run directly counter to the testimony offered by the individuals during their depositions and/or appear unsupported by evidence: for example, while Kiesler acknowledged during his testimony that Reed was not actively involved in Widen Enterprises' operations in 2019 and 2020 (M. Kiesler Dep. Tr. 82:11-83:21, ECF No. 55), and Reed could not identify any work he performed during those years other than meeting with Gonnering and thinking about the Companies (R. Widen Dep. Tr. 207:25-209:8, ECF No. 54), nor could he describe what the Companies' software did or how it worked (R. Widen Dep. Tr. 62:14-25), Defendants' motion takes the position that Reed "worked around the clock to help the company thrive." (Defs.' Br. in Supp. of Mot. for Summ. J. 3, ECF No. 71.) Other aspects of the motion are so conclusory as to require further exploration of the corporate defendants' knowledge. For example, the motion takes the position that Reed's compensation was "appropriate" (*id.* at 30), but the basis for that assertion is wholly unclear: Reed's own testimony[2] acknowledged that he simply

---

[1] Plaintiff's counsel first requested dates to depose Reed, Kiesler, and Gonnering on June 10, 2023. The only dates Defendants offered for those depositions were August 23, September 14, and September 21, respectively. (Declaration of Jessica H. Polakowski, hereinafter "J. Polakowski Decl." ¶ 3)

[2] Notably, Reed's testimony is also inconsistent with Defendants' interrogatory responses as to how compensation was determined. (*Compare* R. Widen Dep. Tr. 47:1-17, 48:12-17, 58:17-20, 61:8-13, 61:19-62:8, *with* Defs.' Interrog. Resp., Interrog. No. 7, ECF No. 72-7.)

thought about his effort and how well the company was doing and "picked a number," (R. Widen Dep. Tr. 62:4-8), while Gonnering could not identify a single thing he had reviewed to suggest that Reed's compensation was reasonable (M. Gonnering Dep. Tr. 302:17-20, ECF No. 56.). In other words, Defendants' motion for summary judgment, coupled with the individual deponents' inconsistent testimony and lack of knowledge, made it clear that further discovery into the *Companies'* knowledge was required.

Accordingly, on October 6, Plaintiff's counsel sent 30(b)(6) notices to Defendants' counsel for each of Windy Waters and Widen Enterprises. In the email accompanying those notices, counsel wrote: "Please provide dates prior to October 22 for the attached 30(b)(6) deposition notices (you'll note that we left a placeholder for the date but wanted to get you the topics). We need to complete these depositions prior to the response deadline for summary judgment." (J. Polakowski Decl. ¶ 4.) On October 9, counsel had not heard anything from Defendants as to dates, and therefore followed up with another email and revised notices. Counsel wrote:

> [B]ecause we have not heard from you with dates for the 30(b)(6) depositions we indicated we would notice and because we are on a tight timeline, we are now serving notices of those depositions for October 17 and 18. Of course, we're happy to work with you to find alternative dates before October 22 if these dates do not work.

(J. Polakowski Decl. ¶ 5.) Counsel followed up with revised notices the same day upon realizing that start times had been inadvertently omitted. (J. Polakowski Decl. ¶ 6.)

On October 11, Plaintiff's counsel had heard nothing from Defendants' counsel. Accordingly, counsel sent another email asking that they confirm the noticed depositions, simultaneously offering to meet and confer at Defendants' counsel's convenience on any of the noticed topics. (J. Polakowski Decl. ¶ 7.) This time, Defendants' counsel responded, refusing to designate witnesses to testify on the noticed dates. (J. Polakowski Decl. ¶ 8.) Defendants' counsel wrote first that they believed "a large number of the topics in both deposition notices have already

4

been extensively covered during the individual depositions" of Reed, Kiesler, and Gonnering, and indicated that Windy Waters and Widen Enterprises would accordingly "adopt and agree to be bound by specified individual testimony for specified topics." (J. Polakowski Decl. ¶ 8.) Defendants did not, however, identify that "specified individual testimony." Second, they objected that the "vast majority of the remaining topics are not stated with reasonable particularity" and demanded that Plaintiff's counsel "revisit your proposed topics and provide more specificity before we meet and confer." (J. Polakowski Decl. ¶ 8.) And third, without acknowledging that the depositions had actually been requested five days prior, they objected that "one week is not sufficient time for us to work with you on the deposition topics and prepare our witness(es) to testify." (J. Polakowski Decl. ¶ 8.) Additionally, Defendants' counsel stated, "there are no dates between now and October 22 that work for our calendars." (J. Polakowski Decl. ¶ 8.)

On October 12, Plaintiff's counsel responded, writing that, while they understood Defendants' concerns over scheduling, just as Defendants had insisted on scheduling the depositions of Steven Randall and Justin Randall before the summary judgment response deadline, Plaintiff, too, had to ensure she could take the depositions she needed within the deadlines. Plaintiff's counsel noted that, in scheduling the deposition of Steven Randall, "Defendants were available October 13, 16, 18, 19, 20, and 23, and offered to return day after day to complete Mr. Randall's October 12 deposition," but nevertheless asked: "[I]f Defendants are truly unavailable for any dates prior to October 22, please confirm so." (J. Polakowski Decl. ¶ 8.) In that case, Plaintiff's counsel indicated that they would be willing to push back the 30(b)(6) dates to the following week of October 23; she asked, however, that in that event, Defendants "agree that Plaintiff may, within 10 days from the date of the later of the two depositions, supplement her response to Defendants' motion for summary judgment," with "[a]ny such supplementation . . . limited to evidence gathered in those depositions." (J. Polakowski Decl. ¶ 8.) As yet another attempt at compromise, Plaintiff's counsel continued: "If

5

you cannot make any day of the week of 10/23 work, we would be willing to push out the depositions to the week of 10/30, subject (as above) to Defendants' agreement to allow Plaintiff to supplement her summary judgment response within 10 days of the later of the depositions." (J. Polakowski Decl. ¶ 8.) Finally, Plaintiff's counsel objected to Defendants' proposal to adopt individual testimony on behalf of the two corporate defendants, noting that Kiesler, Gonnering, and Reed had "demonstrated spotty recollections and conflicting understandings of corporate actions and policies, and the adoption of their testimonies by the corporate defendants is not a workable substitute . . . ." (J. Polakowski Decl. ¶ 8.) Plaintiff's counsel concluded by asking Defendants to meet and confer "at your earliest convenience." (J. Polakowski Decl. ¶ 8.)

By close of business the next day, October 13, Defendants' counsel had not responded, and a full week had passed since the original issuance of the 30(b)(6) notices. Accordingly, Plaintiff's counsel followed up, writing in relevant part: "[P]lease send us your earliest available dates no later than **Monday, 10/16.** As we have repeatedly stated, we are and remain willing to meet and confer with you on the scope of the topics." (J. Polakowski Decl. ¶ 9.)

On Monday, October 16, Defendants' counsel responded, again refusing to provide deposition dates. In pertinent part, Defendants' counsel wrote that "we need to reach an agreement on the deposition topics (or seek the Court's ruling if needed) before we can even designate witnesses, and will need to know the witnesses before we can tell you the dates they are available." (J. Polakowski Decl. ¶ 10.) Counsel offered to meet and confer on the topics on Wednesday, Thursday, or Friday. (J. Polakowski Decl. ¶ 10.) And finally, Defendants' counsel rejected the various compromises Plaintiff's counsel had offered, stating that they "[did] not consent to any supplemental summary judgment filings" and "stand by our position that we will be designating prior individual testimony for some topics." (J. Polakowski Decl. ¶ 10.) Plaintiff's counsel wrote back the same day:

6

> Given Defendants' refusal to agree that Plaintiff may supplement her filings with information learned through the 30(b)(6) depositions, we have no choice but to conduct those depositions prior to the Court's October 30 summary judgment response deadline. To that end, please find attached revised notices for those depositions. We will be ready at the noticed times and will incur the costs associated with preparation for the same.

(J. Polakowski Decl. ¶ 10.) Plaintiff's counsel also: (1) reiterated their objection to the adoption of unspecified testimony of individual witnesses as a substitute for 30(b)(6) depositions, and (2) accepted the earliest date and time Defendants' counsel had to offer for the required meet and confer. (J. Polakowski Decl. ¶ 10.)

The parties met and conferred telephonically on October 18, 2023 at 11:30 A.M. (J. Polakowski Decl. ¶ 11.) During that discussion, Defendants' counsel refused to produce any designated witnesses before October 30, 2023. (J. Polakowski Decl. ¶ 12.) They also rejected Plaintiff's proposed compromise once again, indicating that if Plaintiff sought leave to supplement her summary judgment response with information discovered through the late 30(b)(6) depositions, they would oppose her motion. (J. Polakowski Decl. ¶ 13.) Plaintiff's counsel offered to consent to Defendants' counsel filing a response to any such supplementation so that Defendants could continue to have the "last word" on their motion, but Defendants remained unwilling to compromise. (J. Polakowski Decl. ¶ 14.)

As to the designation issue, Defendants' counsel adhered to their stated intention of adopting prior deposition testimony as 30(b)(6) testimony. Plaintiff's counsel, seeking to compromise if possible, agreed to consider any such designations to determine whether they could feasibly be an acceptable substitute for 30(b)(6) testimony and requested that they be provided, but Defendants' counsel took the position that they could not yet identify the specific testimony they planned to adopt, as they had not yet reviewed the deposition transcripts in question for that purpose. (J. Polakowski Decl. ¶ 15.) As with the 30(b)(6) depositions themselves, Defendants' counsel refused

7

to agree to designate the testimony they intended to adopt before October 30, or to agree to consent to any request by Plaintiff to supplement her summary judgment filings to account for the late designations. (J. Polakowski Decl. ¶ 16.)

Finally, the parties discussed the topics themselves. Plaintiff's counsel agreed to some modifications to address certain of Defendants' objections, and ultimately, Defendants' counsel agreed to prepare and produce witnesses to testify on all of the "non-designation" topics. (J. Polakowski Decl. ¶¶ 17-18.)

## ARGUMENT

Under Rule 30(b)(6), a party may name as a deponent "a public or private corporation, a partnership, an association, a governmental agency, or other entity," and "[t]he named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). "The persons designated must testify about information known or reasonably available to the organization." *Id.* If a corporation or other entity "fails to make a designation under Rule 30(b)(6)," a party may move to compel. Fed. R. Civ. P. 37(a)(3)(B)(ii).

The clear need for the depositions of Windy Waters and Widen Enterprises arose as a result of the motion for summary judgment Defendants filed on September 29, 2023 and the positions they took therein. At their depositions on August 23, September 14, and September 21, Reed, Kiesler, and Gonnering offered testimony full of inconsistencies and gaps in their knowledge as to critical aspects of that testimony. Now, Defendants' motion for summary judgment implies that the Companies must have knowledge that those witnesses lacked. As just one example: with respect to the appropriateness of Reed Widen's compensation, none of the individual witnesses could point to anything explaining or justifying that compensation. Yet on summary judgment, Defendants have taken the position that his compensation was "within the range of salaries and bonuses for

8

comparable companies in the market." (R. Widen Decl. ¶ 13, ECF No. 67.) Presumably, then, one of the corporate defendants has knowledge on that topic that the individual defendants did not, and Plaintiff is entitled to the testimony of those corporate defendants on that point in order to respond to Defendants' summary judgment motion.

Upon discovering the time-sensitive need to take the 30(b)(6) depositions of Windy Waters and Widen Enterprises, Plaintiff took prompt action in order to ensure that they could be taken before the October 30, 2023 summary judgment response deadline. Notices of deposition were served on both Windy Waters and Widen Enterprises nearly two weeks ago, on October 6, 2023. When Defendants did not reply, Plaintiff followed up on October 9, and again on October 11, expressing a willingness to work with Defendants on dates and meet and confer on topics as necessary. Yet it was only after five days of silence – and delay – that Defendants responded, claiming that they could not make a *single day* before October 22 work for them (even though they had previously indicated they were available on October 12, 13, 16, 18, 19, and 20, among other days, when seeking to schedule Steven Randall's deposition in mid-September).

Plaintiff has a right to take the 30(b)(6) depositions of the corporate defendants. The topics noticed are relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff has taken three depositions so far and so is well within the limit prescribed by Rule 30. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). The corporate defendants have not already been deposed in this case. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). Indeed, Defendants appear to recognize that the depositions themselves are unobjectionable, given that they have agreed, post-meet-and-confer, to produce a witness or witnesses to testify on behalf of the companies at *some* point.

The problem is that the corporate Defendants refuse to designate witnesses to testify until the summary judgment response deadline has lapsed. As Plaintiff understands it, Defendants claim that it would be impossible to prepare a witness to testify to the noticed topics before October 30.

But Defendants have had notice of the deposition topics since October 6, nearly two weeks ago, and took no action – not to meet and confer to clarify or narrow the topics, not to ask for different dates than those noticed, and, apparently, not to begin preparing their designated witnesses. "Not surprisingly, claims of burden and prejudice are inevitably rejected when the complaining party is the author of its own dilemma."[3] *New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 469 (N.D. Ill. 2007). And to the extent that Defendants' argument is grounded in the busy schedules of the potential designees, "the fact that an executive has a busy schedule cannot shield him or her from being deposed." *Id.*

Taking Defendants at their word that designating a witness or witnesses to testify on behalf of Windy Waters and Widen Enterprises before October 30 would truly be impossible, Plaintiff also proposed an alternative solution. Specifically, Plaintiff agreed to take the depositions after October 30, and asked instead that Defendants agree that she may supplement her summary judgment response within ten days of the completion of the Rule 30(b)(6) depositions, with any such supplementation limited to information she learns during those depositions. This proposal would allow Defendants the time they claim to need to prepare and designate their witnesses, while mitigating any prejudice that Plaintiff would otherwise suffer in opposing Defendants' motion for summary judgment. Yet Defendants have rejected this proposed compromise, as well, for reasons that Plaintiff does not understand.

---

[3] Plaintiff anticipates that Defendants will argue that she should have noticed her Rule 30(b)(6) depositions earlier and that any prejudice is attributable to *her* delay. The history of discovery in this matter belies any such argument. Plaintiff first sought to depose the individual defendants back in June, and the only dates Defendants offered for those witnesses were August 23, September 14, and September 21, months after her request was made. The extensive gaps in the individual witnesses' testimony once their depositions were complete, coupled with the positions Defendants took on summary judgment on September 29, are what necessitated the taking of the 30(b)(6) depositions *before* the summary judgment response deadline, and Plaintiff noticed those depositions just one week after receiving Defendants' voluminous summary judgment papers. Accordingly, Plaintiff acted promptly to protect her rights.

Plaintiff has a right to depose the corporate defendants. And Defendants do *not* have the right to refuse to designate witnesses to testify on behalf of the corporate defendants until the summary judgment response deadline has lapsed. Plaintiff is willing to accept either solution she has proposed, and so she respectfully requests that the Court either: (1) order Defendants to designate and produce witnesses to testify on behalf of Windy Waters and Widen Enterprises, with such depositions to be taken before October 30; or (2) grant Plaintiff leave to supplement her summary judgment response papers with information that she learns from the 30(b)(6) depositions of the corporate defendants within ten days of the completion of those depositions.

Plaintiff also seeks a similar remedy with respect to Defendants' intention to "adopt" the testimony of Kiesler, Gonnering, and Reed on certain noticed topics, rather than preparing and designating a witness to testify. As a preliminary matter, Plaintiff has serious concerns with Defendants' proposal overall, both because the testimony of an individual is qualitatively distinct from proper 30(b)(6) testimony and because Plaintiff, having no knowledge of Defendants' plan to "adopt" individual testimony on behalf of the corporate defendants, did not conduct those individual depositions as though they were 30(b)(6) depositions.[4] However, in the spirit of compromise,

---

[4] "The testimony of an individual . . . is distinct from the testimony of an entity." *La. Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012). "A Rule 30(b)(6) witness may 'testify not only to matters within his personal knowledge but also to "matters known or reasonably available to the organization."'" *Ball Corp. v. Air Tech of Mich., Inc.*, 329 F.R.D. 599, 604 (N.D. Ind. 2019) (quoting *PPM Fi., Inc. v. Norandal USA, Inc.*, 392 F.3d 889, 894-95 (7th Cir. 2004)). Thus, "[c]ourts recognize that, because of the unique nature of Rule 30(b)(6) testimony, other forms of discovery typically would not be an adequate substitute." *Ball Corp.*, 329 F.R.D. at 603. "[T]here is a qualitative difference in the testimony that one witness may give as an individual and as a Rule 30(b)(6) deponent." *Alloc, Inc. v. Unilin Décor N.V.*, Nos. 02-C-1266, 03-C-342, 04-C-121, 2006 WL 2527656, at *2 (E.D. Wis. Aug. 29, 2006). In an individual deposition, there is no obligation to prepare the witness so that he can "give knowledgeable answers that would be binding" on the corporation. *Babjak v. Arcelormittal USA, LLC*, No. 2:15-CV-40-JVB-PRC, 2016 WL 4191050, at *1 (N.D. Ind. Aug. 9, 2016). And during the individual depositions, Plaintiff's counsel had "no notice that they should ask questions of [the individuals] as to [the corporate defendants'] knowledge about the relevant matters." *Id.* Accordingly, some courts – including within this Circuit – have rejected the notion that a party may simply "adopt" individual testimony as Rule 30(b)(6) testimony. *See, e.g., Alloc*, 2006 WL 2527656, at *2. ("Unilin may not, as it suggests, review prior deposition testimony and designate it as Rule 30(b)(6) testimony."); *Provide Com., Inc. v. Preferred Com., Inc.*, No. 07-80185 CIV., 2008 WL

11

Plaintiff has agreed to review the testimony that Defendants propose to "adopt" as corporate testimony to see if it is adequate to stand in for a full, complete Rule 30(b)(6) deposition on any of the noticed topics.

However, Defendants have not yet specified *any* of the testimony they propose to adopt. And when asked, Defendants would not give a date by which they would provide such designations, nor would they agree to do so before October 30; indeed, as Plaintiff understands it, Defendants have not yet even reviewed the transcripts of the individuals whose testimony they propose to adopt. (J. Polakowski Decl. ¶ 15.) Finally, as with the 30(b)(6) depositions themselves, Defendants refused to consent to Plaintiff supplementing her summary judgment response to address the corporate defendants' newly adopted testimony once it is provided to her.

As above, Plaintiff is willing to accept either solution to ensure that she is not prejudiced. Either Defendants must be required to identify the *specific* testimony they propose to adopt, well before the October 30 deadline,[5] or Plaintiff must be granted permission to file a limited

---

360588, at *3 (S.D. Fla. Feb. 8, 2008) (denying motion for protective order where defendant argued that witness's prior depositions could serve as his 30(b)(6) testimony; "Mr. Ferraro has only testified as an individual and not on behalf of the corporation. At this point, the corporation has yet to testify. As such, Plaintiff is entitled to the Rule 30(b)(6) discovery."); *see also Wright v. Life Invs. Ins. Co. of Am.*, No. 2:08-CV-03-P-A, 2010 WL 481003, at *4 (N.D. Miss. Feb. 4, 2010) (allowing defendant to designate prior deposition testimony but holding that, "[i]f the plaintiff requires additional information that it did not obtain from Edwards because it was unaware that defendant would ultimately agree to be bound by his testimony, the defendant must make available a person with knowledge of the area of inquiry under Rule 30(b)(6)").

When courts *do* permit such adoption, they do not do so automatically. They require that "(1) the organization timely communicates the designated testimony to the noticing party to permit a review of the designations; (2) the designated testimony addresses the required topic(s); and (3) a deposition of an organizational representative would be unreasonably duplicative, cumulative, and disproportionate to the needs of the case." *Woods v. Standard Fire Ins.*, 589 F. Supp. 3d 675, 679 (E.D. Ky. 2022). Defendants have not timely communicated the designated testimony to Plaintiff, and so Plaintiff cannot even begin to assess whether that testimony addresses the required topics and whether the noticed 30(b)(6) depositions would be cumulative or duplicative.

[5] Because Plaintiff cannot be certain the individual testimony that Defendants propose to adopt on behalf of Windy Waters and Widen Enterprises will be an adequate substitute for the noticed topics until she has had

12

supplementation to her summary judgment opposition within a reasonable time of receiving acceptable designations. Either one is acceptable to Plaintiff as a means of ensuring she is able to take the discovery she needs for purposes of responding to Defendants' motion for summary judgment, and Plaintiff accordingly requests that the Court either order the prompt disclosure of the specific testimony that Defendants propose to adopt in lieu of designating a Rule 30(b)(6) witness, or grant her the requested leave to supplement her summary judgment opposition if necessary.

## CONCLUSION

Plaintiff requests that the Court grant her motion to compel as follows:

(1) Direct Defendants to designate and produce properly prepared 30(b)(6) witnesses to testify on behalf of Widen Enterprises and Windy Waters before October 30 **OR** grant Plaintiff leave to supplement her summary judgment opposition papers with information learned from the 30(b)(6) depositions within ten days of the completion of those depositions;

**AND**

(2) Direct Defendants to specify, topic by topic, and with references to specific transcript(s), page(s), and line number(s), the testimony they propose to adopt on behalf of Widen Enterprises and Windy Waters in lieu of designating a properly prepared 30(b)(6) witness on or before October 24, 2023, **OR** grant Plaintiff leave to supplement her summary judgment

---

a chance to review that testimony, it may well be necessary for the parties to meet and confer following Defendants' identification of that testimony, and court intervention may be required. Accordingly, Defendants must be required to specify the testimony they propose to adopt at least a few days before October 30, to allow time for that process.

Plaintiff respectfully submits as a proposal that the Court order Defendants to disclose the specific testimony they propose to adopt at least two days before the hearing on the present motion. Plaintiff would be happy to review those designations promptly, meet and confer with Defendants before the hearing to determine if there are any disputes, and then address any disputes remaining at the hearing itself, along with its other requests for relief, to avoid the need for additional Court intervention down the line. However, Plaintiff is happy to accept whatever schedule is most convenient for the Court.

opposition papers with information learned from those designations within ten days of the receipt of those designations.

Dated this 19th day of October, 2023.

                                                      s/ Jessica H. Polakowski
Mark A. Cameli
WI State Bar ID No. 1012040
mcameli@reinhartlaw.com
David Palay
WI State Bar ID No. 1115862
dpalay@reinhartlaw.com
Monica A. Mark
WI State Bar ID No. 1082428
mmark@reinhartlaw.com
Jessica Hutson Polakowski
WI State Bar ID No. 1061368
jpolakowski@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965

Attorneys for Plaintiff

## CERTIFICATE OF CONFERENCE

Pursuant to Federal Rule of Civil Procedure 37(a)(1), I hereby certify that I, counsel for Plaintiff, conferred with counsel for Defendants in a good faith effort to resolve this discovery dispute, including via e-mail communications on October 12, 13, and 16, 2023, and via telephone on October 18, 2023. As set forth in the accompanying Declaration of Jessica Hutson Polakowski and exhibits thereto, the parties were unable to resolve the dispute without court intervention and have therefore reached an impasse with respect to this discovery dispute.

*s/ Jessica Hutson Polakowski*
Jessica Hutson Polakowski