IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

STACY L. RANDALL,

        Plaintiff,

v.

REED C. WIDEN, MICHAEL KIESLER,
WIDEN ENTERPRISES, LLC, and
WINDY WATERS, INC.,

        Defendants.

Civil Action No. 22-cv-400

---

**BRIEF IN SUPPORT OF MOTION FOR PROTECIVE ORDER
REGARDING RULE 30(B)(6) DEPOSITION NOTICES**

---

Defendants, by their counsel, file this brief in support of their motion for a protective order directing that Defendants Windy Waters, Inc. ("Windy Waters") and Widen Enterprises, LLC ("Widen Enterprises") are not required to produce corporate designees for depositions on the dates Plaintiff's counsel unilaterally set for such depositions—specifically, October 23, 2023, and October 26, 2023.

**I.    INTRODUCTION AND BACKGROUND**

This Motion concerns Plaintiff's attempts to unilaterally issue two notices for 30(b)(6) depositions on very short notice, one to Windy Waters and another to Widen Enterprises. At 5:00 pm on Friday, October 6, 2023, Plaintiff's counsel sent two placeholder notices of Rule 30(b)(6) depositions to Defendants' counsel with the request that Defendants' counsel provide dates prior to October 22, 2023 (i.e., within fewer than ten business days) on which the noticed depositions would occur. ECF No. 92-2. Less than one business day later and before Defendants' counsel had an opportunity to respond to Plaintiff's counsel's Friday evening email, Plaintiff's counsel

unilaterally noticed 30(b)(6) depositions for Windy Waters and Widen Enterprises for October 17, 2023, and October 18, 2023, respectively. ECF No. 92-3. In other words, Plaintiff wanted representatives of Widen Enterprises and Windy Waters to apprise themselves of the 20 topics identified in each of the 30(b)(6) notices and be prepared to testify as to those topics within as few as six business days.[1]

In response to Plaintiff's attempt to unilaterally notice two 30(b)(6) depositions on as little as six business days' notice, Defendants raised a series of objections. These objections included the following:

> 1. Given the very short notice provided to Defendants, there were no dates prior to the October 22, 2023 cutoff date originally proposed by Plaintiff on which Defendants' counsel and potential designees would be available for the proposed depositions;
> 2. Even if dates for the proposed depositions had been available, the very short notice would not provide Windy Waters and Widen Enterprises with sufficient time to prepare for the proposed depositions;
> 3. Many of the topics in both deposition notices had already been extensively covered during prior depositions of the same individuals who will serve as corporate designees; and
> 4. The vast majority of the topics were not stated with reasonable particularity to sufficiently prepare for the deposition.

Declaration of Christa Wittenberg ("Wittenberg Decl."), ¶ 4, Ex. 1.

At the time Defendants' counsel raised their objections, Defendants also served formal objections and responses to the 30(b)(6) notices of deposition on behalf of Widen Enterprises and Windy Waters. *Id.* These objections and responses set forth those proposed topics of deposition for which Widen Enterprises and Windy Waters agreed to be bound by designating and adopting prior deposition testimony. *Id.* Defendants' counsel also invited Plaintiff's counsel to meet and confer regarding the notices of deposition and deposition dates at issue. *Id.*

---

[1] This timing is particularly troubling given that when Defendants asked for dates for Plaintiff's deposition, the first date provided by Plaintiff was over two months later. *See* ECF No. 92-1.

After some additional back-and-forth between counsel, Plaintiff's counsel eventually agreed to participate in a meet-and-confer call on the morning of October 18, 2023, but only after they again unilaterally re-noticed the Rule 30(b)(6) depositions of Windy Waters and Widen Enterprises for October 23, 2023, and October 26, 2023, respectively. ECF No. 92-8. During the meet-and-confer call on October 18, 2023, Defendants' counsel informed Plaintiff's counsel that neither of those dates worked for the potential corporate designees. Defendants' counsel did, however, offer the following proposed dates on which Windy Waters' and Widen Enterprises' corporate designees could be available for deposition: November 3, 6, and 21 and December 5 and 6. Wittenberg Decl. ¶ 6. Plaintiff refused to accept these dates and instead filed a motion to compel Defendants' designees to appear for deposition on October 23, 2023 and October 26, 2023. ECF No. 91.

After the Court determined it would not rule on Defendants' motion to compel on an expedited basis (ECF No. 93) given Plaintiff's delay in scheduling the depositions, Plaintiff's counsel scheduled "Plaintiff's <u>alternative</u> 30(b)(6) depositions" of Windy Waters and Widen Enterprises on November 3, 2023 and November 6, 2023, respectively. *Id.* ¶ 7, Ex. 2 (emphasis in original). It is not clear what Plaintiff's counsel means by "alternative," but it appears Plaintiff intends to stand on their previously noticed dates of October 23, 2023, and October 26, 2023.

## II.   LEGAL STANDARDS

### A.   Requirements for Service of Rule 30(b)(6) Notices of Deposition

Parties issuing notices of deposition pursuant to Rule 30(b)(6) must satisfy the prerequisite of providing opposing parties with reasonable advance notice of such depositions. Fed. R. Civ. P. 30(b)(1). What constitutes reasonable notice of a deposition is case-specific and fact-intensive, but greater notice is required for 30(b)(6) depositions because such depositions "often require[]

additional preparation because the witness is not testifying as to his personal knowledge, but is testifying on behalf of the corporation as to matters known or reasonably available to the corporation." *Nieman v. Grange Mut. Ins. Co.*, No. 11-cv-3404, 2012 WL 5471949, at *1-2 (C.D. Ill. Nov. 9, 2012). Thus, although what amount of time constitutes reasonable notice depends on the facts of a case, notice of less than 10 business days for a Rule 30(b)(6) deposition is generally unreasonable. *Id.* at *3. Depositions scheduled on short notice also run the foreseeable risk of being unreasonable because the schedules of the deponents and lawyers will "be unable to accommodate the belatedly filed notices." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. 2005).

### B. Standard for Issuing Protective Order

Rule 26(c) of the Federal Rules of Civil Procedure allows a party to move for a protective order to forbid or limit the scope of a 30(b)(6) deposition. Fed. R. Civ. P. 26(c)(1)(A), (D). Under Rule 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also TL Constr. Mgmt., LLC v. City of Green Bay*, No. 19-C-1077, 2020 WL 7698374, at *2 (E.D. Wis. Dec. 28, 2020) (setting forth this standard and denying a motion for reconsideration of a protective order quashing a 30(b)(6) deposition). "The party requesting the protective order carries the burden of demonstrating good cause, and the moving party can satisfy that burden by showing some plainly adequate reason for the order." *Coulder v. City of Gary, Indiana*, No. 21-cv-86, 2023 WL 3052252, at *2 (N.D. Ind. Apr. 24, 2023).

**III.     ARGUMENT**

    **A.     The Court Should Enter a Protective Order Directing that Defendants Need Not Produce Corporate Designees for Deposition on October 23, 2023 or October 26, 2023.**

Plaintiff's 30(b)(6) notices of deposition to Windy Waters and Widen Enterprises were improper because Plaintiff's counsel failed to satisfy the simple, but fundamental requirement of Federal Rule of Civil Procedure 30(b)(1) of providing Defendants with reasonable advance notice of the proposed 30(b)(6) depositions. Plaintiff's counsel's communications with Defendants' counsel confirms that Plaintiff's counsel did not even attempt to give reasonable advance notice of the depositions in this case. Instead, Plaintiff's counsel waited until 5:00 p.m. on a Friday to first issue the placeholder notices, demanding that Defendant's counsel provide available dates for the depositions with less than ten business days' advance notice. This alone is unreasonable and in violation of Rule 30. *Nieman*, 2012 WL 5471949, at *3; *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. at 327. Plaintiff's counsel then piled on by unilaterally noticing the depositions to occur on as little as six business days' notice, also unreasonable and in violation of Rule 30. Plaintiff's counsel refused to accommodate the schedules of Defendants and their counsel when attempting to schedule these depositions on short notice.

In the context of Rule 30(b)(6) depositions, the reasonable notice requirement of Rule 30(b)(1) takes on extra significance because such depositions require additional witness and attorney preparation. *Nieman*, 2012 WL 5471949, at *1-2. Without the reasonable notice requirement of Rule 30(b)(1), Plaintiff's counsel could unilaterally notice depositions to occur within a short timeframe (as they did here), take the depositions of unprepared 30(b)(6) designees, then move the Court for relief after those designees were not prepared to testify on the specified 30(b)(6) topics at deposition. Rule 30 does not permit such gamesmanship.

5

Defendants' counsel informed Plaintiff's counsel at an early stage of their meet-and-confer discussions that Defendants would not be able to produce designees for deposition on the dates unilaterally selected by Plaintiff's counsel. Defendants' counsel proposed alternative dates, but Plaintiff filed a motion to compel the depositions on an unreasonably short timeline rather than accepting the reasonable dates proposed by Defendants' counsel. Only after the Court refused to hear Plaintiff's motion on an expedited basis was Plaintiff willing to schedule the depositions on dates proposed by Defendant's counsel. But even now, Plaintiff's counsel only considers the dates Defendants proposed as "alternatives" (whatever that means) to the earlier dates unilaterally set by Plaintiff's counsel on which Defendants' designees are unavailable.

### B. Defendants Have Demonstrated Good Cause to Justify Entry of a Protective Order.

As set forth above, Defendants have satisfied their burden of demonstrating good cause by showing several "plainly adequate reason[s]" for the entry of a protective order. Fed. R. Civ. P. 26(c); *Coulder*, 2023 WL 3052252, at *2. Plaintiff's counsel failed to satisfy the simplest of obligations imposed by Rule 30 when they failed to provide Defendants with reasonable advance notice of the depositions. As explained herein, this constitutes good cause for entry of a protective order directing that Defendants need not produce corporate designees to testify on the October 23 and 26 dates unilaterally set by Plaintiff for those depositions. Defendants remain willing to produce designees for testimony on one or more of the dates they proposed on which such designees are actually available.

### IV. CONCLUSION

For the reasons explained herein, Defendants respectfully request that the Court enter a protective order directing that Widen Enterprises and Windy Waters need not produce corporate designees to testify at deposition on the October 23 and 26 dates unilaterally set by Plaintiff.

6

Dated: October 20, 2023

                                                          Respectfully submitted,

                                                          s/Christa D. Wittenberg
                                                          Dean P. Laing
                                                          Christa D. Wittenberg
                                                          O'Neil, Cannon, Hollman, DeJong & Laing S.C.
                                                          111 East Wisconsin Avenue, Suite 1400
                                                          Milwaukee, Wisconsin 53202
                                                          Phone: 414.276.5000
                                                          dean.laing@wilaw.com
                                                          christa.wittenberg@wilaw.com

                                                          Mark H. Churchill
                                                          Martin Durkin
                                                          Sarah Morain
                                                          HOLLAND & KNIGHT LLP
                                                          1650 Tysons Boulevards, Suite 1700
                                                          Tysons, Virginia 22102
                                                          Phone: 703.720.8600
                                                          mark.churchill@hklaw.com
                                                          martin.durkin@hklaw.com
                                                          sarah.morain@hklaw.com

                                                          *Attorneys for Defendants*

**CERTIFICATE OF CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 26(c)(1), I hereby certify that I, counsel for Defendants, conferred with counsel for Plaintiff in a good faith effort to resolve this discovery dispute, including via email communications and by telephone, but the parties were unable to resolve this dispute without court intervention, as set forth in the accompanying Declaration of Attorney Christa Wittenberg and all documents referenced therein and attached thereto as exhibits.

                                                                     /s/Christa D. Wittenberg
                                                                     Christa D. Wittenberg