UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

STACY L. RANDALL,

                              Plaintiff,

            v.

                                                        Case No. 3:22-cv-00400-jdp

REED C. WIDEN, MICHAEL KIESLER,
WIDEN ENTERPRISES, LLC, and
WINDY WATERS, INC.,

                              Defendants.

## MOTION TO STRIKE PROPOSED EXPERT
## TESTIMONY OF BRUCE HUTLER

Plaintiff Stacy L. Randall hereby moves the Court to strike the proposed expert testimony in the declaration of Bruce Hutler (ECF No. 68) submitted on September 29, 2023, in support of Defendants' Motion for Summary Judgment. Mr. Hutler's declaration contains a mixture of fact and proposed expert testimony. Plaintiff moves to strike the proposed expert testimony found in Paragraphs 12-14 of Mr. Hutler's declaration.

## INTRODUCTION

In the declaration of Bruce Hutler (the "Hutler Declaration"), Defendants have proposed expert testimony while ignoring the requirements for such testimony's admissibility. In Paragraphs 12-14, Mr. Hutler offers conclusions on key issues in this case that can only be based on his own specialized knowledge, and Defendants have cited these conclusions in seeking summary judgment. But Mr. Hutler has not provided a report or otherwise explained the basis for his opinions, and offers only conclusory statements that do not meet the threshold for admissibility under Federal Rule of Evidence 702.

By including Paragraphs 12-14 at the end of a factual declaration and not in an expert report, Defendants attempt to evade Rule 702 by presenting Mr. Hutler's opinions as lay testimony—a maneuver that the rules governing lay and expert witnesses were specifically intended to prevent. Because evidence that would not be admissible at trial cannot be offered in support of summary judgment, the Court should strike these paragraphs from the Hutler Declaration, and all statements relying on those opinions in Defendants' motion for summary judgment.

## FACTUAL BACKGROUND

Mr. Hutler is a principal at Baker Tilly US, LLP, an accounting firm that has advised Defendants Widen Enterprises and Windy Waters. (ECF No. 68 ¶¶ 1, 3). In 2004, Mr. Hutler provided a report estimating the value of 100% of the shares of Windy Waters. (ECF No. 68 ¶ 5.) In May 2007, the Windy Waters shareholder agreement was amended to include a formula for calculating the fair market value of the shares of Windy Waters' stock. (ECF No. 61 ¶ 141.) According to Defendants' Proposed Findings of Fact in support of their Motion for Summary Judgment, the Second Amendment to the Shareholder Agreement adopted the valuation from Mr. Hutler's 2004 report, and "turned it into a formula using an implied multiple of EBITDA to arrive at an estimated value of all shares of Windy Waters." (ECF No. 76 ¶ 100.)

On September 29, 2023, Defendants filed the Hutler Declaration, which includes statements about valuations of Windy Waters Mr. Hutler provided in 2003 and 2004, and about the 2007 Second Amendment to the Shareholder Agreement. Without conceding the veracity of these claims, Plaintiff takes no issue with the Hutler Declaration insofar as it purports to testify to these facts. But the declaration also offers more general opinions about how a company "like Windy Waters" determines the value of shares to be redeemed by minority shareholders. (ECF No. 68 ¶ 12.) In the Proposed Findings of Fact in support of their Motion for Summary Judgment, Defendants relied solely on the Hutler Declaration for the following propositions:

- For a company like Windy Waters, there is virtually no market for its shares because very few persons are willing to purchase a minority block of shares in a family-run, privately owned company and, if they are willing to do so, they expect a large discount from the pro rata value. (ECF No. 76 ¶ 96.)

- Unless the company agrees to buy the shares back or other shareholders agree to purchase the shares, or the company is obligated to do so based on an existing agreement, a minority shareholder often has no way to sell their shares and exit from ownership. As a result, the shares of a minority owner are heavily discounted. (*Id.* ¶ 97.)

- To address the concerns of minority shareholders from the lack of an ability to exit from ownership, it is common for corporations and their shareholders to agree on the use of a formula by which shares will be redeemed if the shareholder is interested in severing their relationship with the company. (*Id.* ¶ 98.)

- Usually, such a formula does not reflect fair market value. Instead, it is simply a formula agreed upon by the shareholders by which their stock will be redeemed if they wish to do so. This is done as a courtesy to the shareholder, who would otherwise not have a market to provide liquidity for their shares. (*Id.* ¶ 99.)

Mr. Hutler concludes his declaration with the opinion that "[i]f the formula in the Second Amendment to Shareholder Agreement resulted in a number below book value, the book value of the shares would be appropriate and fair to use instead." (ECF No. 68 ¶ 14.)

## ARGUMENT

## I.   Paragraphs 12-14 of The Hutler Declaration Are Undisclosed Expert Testimony.

The Federal Rules of Evidence distinguish expert testimony, which is "based on scientific, technical, or other specialized knowledge," from fact testimony and from lay opinions "rationally based on the witness's perception." Fed. R. Evid. 701. *See also In re C2R Global Mfg, Inc.* 2021 WL 1347193, at *11 (Bankr. E.D. Mar. 30, 2021). When an opinion is based on specialized knowledge rather than what a witness personally perceived, it must be identified as expert testimony "'to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." *Id.* (quoting Fed. R. Evid. 701 advisory comm.'s note to 2000 amend.); *see also Von der Ruhr v. Immtech Int'l, Inc.,* 570 F.3d 858, 862 (7th Cir. 2009) (citation omitted).

Expert opinions must be disclosed and supported in accordance with Federal Rule of Civil Procedure 26(a)(2). Under this rule, a party must identify any witness who will present expert testimony. Disclosures of retained expert witnesses must be accompanied by a written report "conveying the expert's qualifications, the opinions to be offered at trial, and the data or facts those opinions rely on, among other requirements." *Patterson v. Baker,* 990 F.3d 1082, 1086 (7th Cir. 2021). The report requirement is meant to "provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response." *Meyers v. National R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734 (7th Cir. 2010). Non-retained experts who do not have to submit a report must still comply with Rule 26(a)(2)(C), which requires disclosure of "the subject matter on which the witness is expected to present evidence," and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

The disclosure requirements apply to witnesses whose testimony includes both fact and expert opinion. *See Tribble v. Evangelides*, 670 F.3d 753, 759 (7th Cir. 2012). Accordingly, a witness who has some past involvement with the parties or the facts of the case must still comply with Rule 26(a)(2) for any expert testimony they provide. Courts have recognized this principle where witnesses who are treating physicians offer conclusions not reached in the course of providing treatment. *Meyers v. National R.R. Passenger Corp. (Amtrak),* 619 F.3d 729, 734-35 (7th Cir. 2010). As the Seventh Circuit recognized in *Meyers,* treating physicians and nurses "must be designated as experts if they are to provide expert testimony" (*Id.* at 734 (quoting *Musser v. Gentiva Health Servs.,* 356 F.3d 751, 758 (7th Cir. 2004)), and a treating physician who offers an opinion on causation that was not reached "in the course of providing treatment" must submit a report. *Id.* at 735.

Paragraphs 12-14 of the Hutler Declaration are unquestionably expert testimony, as they require specialized knowledge and are not rationally based on Mr. Hutler's own perceptions. Defendants have recognized Mr. Hutler as an expert themselves. Testifying as the corporate

representative of Windy Waters, Matthew Gonnering described Mr. Hutler's 2004 valuation as an "expert opinion." (11/03/2023 Windy Waters Dep. Tr. 103:1-4.) In his declaration, Mr. Hutler offers expert testimony regarding a "company like Windy Waters," and what is purportedly "common for corporations and their shareholders." He opines about the value of minority shares in privately-owned companies in general, and the propriety and "fairness" of the formula that Windy Waters used to value shares for stock redemptions. These opinions appear in the declaration alongside the factual assertions, but Mr. Hutler does not connect them to the facts.

Mr. Hutler's past valuation of Windy Waters does not convert Paragraphs 12-14 into lay testimony, or exempt Defendants from disclosure under Rule 26(a)(2). Like the treating physicians in *Meyers*, Mr. Hutler had a prior involvement with the party offering his testimony. According to Defendants' Proposed Findings of Fact, Mr. Hutler's 2004 valuation report "provided an estimate of the fair market value of a marketable, majority interest in 100% of stock in Windy Waters, Inc. as of April 30, 2004." (ECF No. 76 ¶ 89.) But his testimony exceeds the scope of this past involvement, and "ventures into more general expert opinion testimony." *Meyers*, 619 F.3d at 734 (quoting *Musser*, 356 F.3d at 758 n.3). He offers opinions on how minority shares are valued in companies *like* Windy Waters; about what "is common for corporations and their shareholders"; about how formulas (but not the stock price formula at issue) are created as a "courtesy" to minority shareholders and "[o]ften . . . do[] not reflect fair market value." (*Id.* ¶ 12, 13.)

These conclusions have no connection to Mr. Hutler's past involvement with the Companies, or to the facts of this case at all. Mr. Hutler cannot opine on these general matters simply because he provided valuations of Windy Waters' stock in the past. This would amount to "proffering an expert in lay witness clothing." Fed. R. Evid. 701 advisory comm.'s note to 2000 amend.

## II.   Defendants Have Not Laid the Foundation for the Proffered Expert Testimony.

Because Defendants have not properly identified or disclosed Paragraphs 12-14 as expert testimony, they cannot rely on those statements in seeking summary judgment. *See Malin v. Hospira, Inc.*, 762 F.3d 552, 554-55 (7th Cir. 2014) ("Evidence supporting or opposing summary judgment must be admissible if offered at trial.") The disclosure rules for expert testimony are not a "pointless formality." *Novum Structures, LLC v. Larson Eng'g, Inc.*, No. 16-CV-1568, 2019 WL 1926188, at *3 (E.D. Wis. Apr. 30, 2019). They enable the opposing party to prepare for trial—to understand the proffered experts' conclusions, qualifications, and methodologies, and to determine whether to challenge the expert under *Daubert*. When a party's failure to disclose an expert under Rule 26(a) is prejudicial, the expert's testimony must be excluded. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."); *Eurochem N. Am. Corp. v. Ganske*, No. 18-CV-16-SLC, 2020 WL 747008, at *13 (W.D. Wis. Feb. 14, 2020) (granting a motion to exclude an expert where the party proffering the expert "never disclosed a summary of the facts and opinions to which he would testify.")  Because "a court may consider only admissible evidence in assessing a motion for summary judgment," *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009), undisclosed expert testimony cannot support a summary judgment motion.

An inadequate expert disclosure is prejudicial when it prevents the opposing party from challenging the expert's qualifications or admissibility. *Karum Holdings LLC v. Lowe's Cos., Inc.* 895 F.3d 944, 951 (7th Cir. 2018). In *Karum*, the district court excluded an estimate of Karum's damages (the "damages model") that required specialized expert testimony. *Id.* at 947. Karum argued that its former CEO, who had been named in the Rule 26(a)(1)(A) disclosures but never designated as an expert, could testify to the damages model. *Id.* at 947. But the Seventh Circuit found

that simply naming the former CEO as a witness was "plainly inadequate" for this purpose. *Id.* at 951. The inadequate disclosure was not harmless, in part because "although [defendant] was familiar with [the witness], it had no reason to take discovery on his qualifications and expertise, nor could it then challenge his qualifications or the admissibility of his expert testimony under the grounds set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)." *Id.* at 952.

As in *Karum*, Defendants would cause undue prejudice by relying on expert testimony without disclosing the expert. Defendants' summary judgment brief includes assertions that are solely based on the conclusions in Paragraphs 12-14 of the Hutler Declaration. But Mr. Hutler has not provided the basis for his conclusions, or explained the methodology behind them. And because he was not disclosed as an expert, Plaintiff has had no opportunity to dispute his qualifications or the reliability of his opinions under *Daubert*. Because this failure to disclose is prejudicial to Plaintiff, Paragraphs 12-14 would not be admissible at trial and cannot be used to support a summary judgment argument.

The deadline for Defendants' expert disclosures in this case has not yet passed. If Defendants wish to introduce Mr. Hutler's opinions, they are free to do so in the form of a report that complies with Rule 26(a)(2). What Defendants *cannot* do is append a series of conclusory expert opinions onto a fact declaration, and then argue, based in part on that unsupported testimony, that they are entitled to judgment as a matter of law.

### III.   Mr. Hutler's Expert Opinions Are Not Admissible Under Rule 702.

Based on the information provided in the Hutler Declaration, Mr. Hutler's testimony would not be admissible under Federal Rule of Evidence 702, and cannot support a summary judgment motion. Rule 702 requires (a) that an expert's specialized knowledge will help the trier of act to understand the evidence or determine a fact in issue; (b) that the testimony is based on sufficient

facts or data; (c) that the testimony is the product of reliable principles and methods, and (d) that the expert has reliably applied the principles and methods to the facts of the case. The opinions contained in Paragraphs 12-14 do not come close to meeting these requirements.

### A. Paragraphs 12-14 Are Not Based on a Reliable Methodology.

For expert testimony to be admissible under Rule 702, it must be based on sufficient facts or data, and the product of reliable principles and methods that the expert reliably applies to the facts of the case. *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 778 (7th Cir. 2017). Experts must "adhere to the same standards of intellectual rigor that are demanded in their professional work." *Chapman v. Maytag Corp.*, 297 F.3d 682, 688 (7th Cir. 2002). Where an expert eschews this intellectual rigor, and relies solely on ipse dixit, their opinions are properly excluded. *See Clark v. Takata Corp.*, 192 F.3d 750, 758 (7th Cir. 1999) ("Nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only be the *ipse dixit* of the expert" (quoting *Gen. Elec. Co. v. Joiner, 522* U.S. 136, 137 (1997))).

Paragraphs 12-14 clearly do not meet this threshold. Mr. Hutler makes no effort to ground his opinions in facts or data, and provides no methodology whatsoever. For example, he states without support or analysis that "very few persons are willing to purchase a minority block of shares in a family-run, privately owned company and, if they are willing to do so, they demand a large discount from the pro rata value" (ECF No. 68 ¶ 12), and that "[i]f the formula in the Second Amendment to Shareholder Agreement resulted in a number below book value, the book value of the shares would be appropriate and fair to use instead." (ECF No. 68 ¶ 14.) These conclusory statements cannot withstand a *Daubert* challenge. Defendants cannot avoid this outcome, and dodge their disclosure requirements, by presenting Mr. Hutler's opinion as part of a declaration of facts.

### B.      Paragraphs 12-14 Are Unrelated to the Facts of this Case.

While they are presented in a declaration alongside factual statements about the 2004 report and the 2007 Second Amendment to Shareholder Agreement, Paragraphs 12-14 are disconnected from the facts of this case. They do not pertain to the valuations that Mr. Hutler performed in 2003 or 2004, or explain the appropriateness of the formula that the Companies applied. They are general conclusions about how companies might fairly value their shares. Therefore, these statements also fall short of Rule 702 because they do not apply Mr. Hutler's "principles and methods" to the facts of this case.

As noted above, Defendants have the option of identifying Mr. Hutler as an expert and submitting a report in accordance with the rules. In the event that Defendants do properly disclose Mr. Hutler, Plaintiff reserves the right to challenge his qualifications, or the relevance or reliability of his opinions, in a *Daubert* motion.

### CONCLUSION

The Hutler Declaration combines factual statements with conclusory expert opinions, without identifying Mr. Hutler as an expert, explaining his methodology, or connecting his opinions to the facts of the case. This testimony would not be admissible under Rule 702, and therefore cannot be considered in support of summary judgment. Defendants cannot evade the well-established requirements for expert testimony by offering Mr. Hutler's opinions as facts in a declaration. Plaintiff therefore respectfully asks the Court to strike Paragraphs 12-14 of the Hutler Declaration, and all statements in Defendants' summary judgment briefing and Proposed Findings of Fact that rely on the statements in those paragraphs.

Dated this 10th day of November, 2023.

s/ *David Palay*

Mark A. Cameli
WI State Bar ID No. 1012040
mcameli@reinhartlaw.com
Ryan S. Stippich
WI State Bar ID No. 1038045
rstippich@reinhartlaw.com
David Palay
WI State Bar ID No. 1115862
dpalay@reinhartlaw.com
Elizabeth Elving
WI State Bar ID No. 1115903
eelving@reinhartlaw.com
Monica A. Mark
WI State Bar ID No. 1082428
mmark@reinhartlaw.com
Jessica Hutson Polakowski
WI State Bar ID No. 1061368
jpolakowski@reinhartlaw.com
Samuel C. Sylvan
WI State Bar ID No. 1131339
ssylvan@reinhartlaw.com
Mary Margaret Evans
WI State Bar ID No. 1130108
mevans@reinhartlaw.com
Shannon M. Toole
WI State Bar ID No. 1105010
stoole@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone:  414-298-1000
Facsimile:  414-298-8097

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965

Attorneys for Plaintiff

50704417v4