IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

STACY L. RANDALL,

        Plaintiff,

v.

REED C. WIDEN, MICHAEL KIESLER,
WIDEN ENTERPRISES, LLC, and
WINDY WATERS, INC.,

        Defendants.

Civil Action No. 22-cv-400

---

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PROPOSED EXPERT TESTIMONY OF BRUCE HUTLER

---

In a motion to strike (ECF No. 104), Plaintiff asks this Court to strike three paragraphs (¶¶ 12-14) from the declaration of Bruce Hutler (ECF No. 68) ("Hutler Declaration" or "Hutler Decl."), which was submitted in support of Defendants' motion for summary judgment (ECF No. 68). Plaintiff's motion to strike should be denied for either of two sufficient reasons. First, any opinions contained in the Hutler Declaration do not require a written report under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure because Hutler formed and shared those opinions with Defendants in the course of his long relationship with them, so is not an expert retained specifically and solely for purposes of this case. Second, even assuming Hutler's opinions are subject to Rule 26(a)(2)(B), then Plaintiff's motion is premature. Defendants' deadline to disclose expert witnesses and produce their associated reports is December 1, 2023, and will provide a complete disclosure of Hutler as an expert witness by that deadline. Plaintiff cites no authority for disregarding a declaration from a potential expert for purposes of summary judgment before the expert disclosure deadline has passed. Plaintiff's motion to strike should be denied.

**Background**

Bruce Hutler is a principal at the accounting firm of Baker Tilly US, LLP where he has worked for 25 years. Hutler Decl. ¶ 1. Windy Waters has been advised by Baker Tilly for over 20 years, and Hutler was one of the company's key advisors. *Id.* ¶ 3. In 2003, Hutler provided a valuation of Windy Waters stock to Defendant Reed Widen and Plaintiff Stacy Randall. *Id.* ¶ 4. In 2004, Hutler provided a follow-up report, again providing a valuation of Windy Waters stock, this time as of April 30, 2004. *Id.* ¶¶ 5-8, Ex. 6. This valuation was used to create the formula that is at the center of this case, which was used to calculate a price for Plaintiff's stock each time she sold shares—including the final stock redemption that she seeks to challenge in this lawsuit. *See id.* ¶¶ 9-11.

**Argument**

The motion to strike should be denied for two reasons, either of which is sufficient to deny the motion. First, Hutler has provided advisory services to Windy Waters for 20 years, so he is not a witness "retained or specially employed *to provide expert testimony in the case*," Fed. R. Civ. P. 26(a)(2)(B), and so is not an expert who must provide a written report. Second, Defendants' expert disclosures are not due until December 1. None of the authorities Plaintiff cites involve striking portions of declarations from experts at summary judgment at all, much less before the disclosure deadline has passed.

**I.     The opinions set forth in the Hutler Declaration are not subject to Rule 26(a)(2)(B).**

Rule 26(a)(2) divides expert witnesses into two categories—those who must provide a written report, and those who do not provide a written report—and describes the required contents of disclosures for each. The rule states, in relevant part:

> (A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any

> witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> (C) *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(A)-(C). That is, only expert witnesses that were engaged specifically for purposes of the case have to provide a written report; disclosure of all other experts need only contain the subject matter and a summary of the facts and opinions. None of these disclosures are required until the time set by court order. Fed. R. Civ. P. 26(A)(2)(D).

In the context of a treating physician in a personal injury case, the Seventh Circuit has explained a dividing line: If the expert formed the opinions in the course of their employment and prior relationship with the party, those opinions are not required to be disclosed in a written report, but if the opinion was only formed specially after the fact for purposes of the case, a written report was required. *See Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734 (7th Cir. 2010). Cases after Rule 26 was amended in 2010 have called *Meyers* into doubt and suggested that

3

even a treating physician who did not form the opinion at issue during the course of treatment may not be required to submit a report under Rule 26(a)(2)(B). *See, e.g.*, *Coleman v. Am. Fam. Mut. Ins. Co.*, 274 F.R.D. 641, 643-45 (N.D. Ind. 2011) (finding the amendment to Rule 26 "overcomes the holding" of *Meyers* and holding that a treating physician is not required to submit an expert report under Rule 26(a)(2)(B) even for later-formed opinions because they were not retained for the express purpose of giving testimony).

The opinions contained in paragraphs 12-14[1] of the Hutler Declaration are appropriate and admissible even without a written report under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. As Plaintiff acknowledges, Hutler has been a long-standing advisor to Defendant Windy Waters, Inc. and provided input on matters related to this case—he authored the 2004 valuation that was used as a starting point for the formula that was used by Windy Waters to calculate a per-share price for stock redemptions and stock subscriptions, and he provided input to the corporation's treasurer on application of that formula. Hutler Decl. ¶¶ 3-14; *see also* Declaration of Michael Kiesler, Sept. 29, 2023, (ECF No. 74) ("Kiesler Decl.") ¶ 40. To the extent paragraphs 12-14 of the Hutler Declaration contain any expert opinions at all, they are opinions

---

[1] Paragraphs 12-14 of the Hutler Declaration read as follows:
    12. For a company like Windy Waters, the market for its shares is severely limited because very few persons are willing to purchase a minority block of shares in a family-operated, privately owned company and, if they are willing to do so, they demand a large discount from the pro rata value. Unless the company agrees to buy the shares back or other shareholders agree to purchase the shares, or the company is obligated to do so based on an existing agreement, a minority shareholder often has no way to sell their shares and exit from ownership. As a result, the shares of a minority owner are heavily discounted.
    13. To address the concerns of minority shareholders from the lack of an ability to exit from ownership, it is common for corporations and their shareholders to agree on the use of a formula by which shares will be redeemed if the shareholder is interested in selling their shares. Often, the formula does not reflect fair market value. Instead, it is simply a formula agreed upon by shareholders by which their stock will be redeemed if they wish to do so. This is done as a courtesy to the shareholder, who would otherwise not have a market to provide liquidity for their shares.
    14. If the formula in the Second Amendment to Shareholder Agreement resulted in a number below book value, the book value of the shares would be appropriate and fair to use instead.

that were formed and shared with Windy Waters during the course of Hutler's long-standing relationship with his client.

For example, the last paragraph of the Hutler Declaration, addressing the fairness of using the book value for shares if that ever exceeded the formula price, recites exactly the advice he gave to Defendant Michael Kiesler that is the reason he compared the formula price to book value from that point forward. *Compare* Hutler Decl. ¶ 14 *with* Kiesler Decl. ¶¶ 39-41. Similarly, Hutler's opinions and observations about the lack of market for minority shares in family-operated corporations and the use of formulas to facilitate and simplify stock transactions is the reason Windy Waters created a formula for calculating stock prices. *Compare* Hutler Decl. ¶¶ 12-13 *with* ECF No. 112, ¶¶ 4-5. *See also* Kiesler Decl. ¶¶ 39-41, 44-45. ECF No. 67, ¶¶ 33-35, 50-51, 55; ECF No. 108, ¶ 19. These observations and opinions are based upon and related to Hutler's involvement with Windy Waters, which spanned decades. The opinions existed well before any anticipated litigation in the current action. For these reasons, even if paragraphs 12-14 of the Hutler Declaration include expert opinions, they are not opinions that would require Hutler to submit a full report under Rule 26(a)(2)(B).

The Hutler Declaration sets forth Hutler's qualifications and the subject matter, facts, and opinions relevant to Defendants' motion for summary judgment. To the extent any compliance with Rule 26(a)(2)(C) is required before the disclosure deadline for evidence offered in support of summary judgment, the Hutler Declaration itself meets those requirements. Plaintiff's motion to strike should therefore be denied.

**II.      Plaintiff's motion is premature.**

If paragraphs 12-14 of the Hutler Declaration are deemed subject to Rule 26(a)(2)(B), then Plaintiff's motion to strike paragraphs 12-14 of the Hutler Declaration is premature. Defendants

have until December 1, 2023, to disclose expert witnesses and serve expert reports. Defendants intend to name Hutler as one of their experts and, to err on the side of caution, intend to provide a written report outlining his qualifications and opinions, even though some or all of his opinions were formed during the course of his relationship with Defendants and do not require a full written report. Among Hutler's opinions will be those reflected in paragraphs 12-14 of the Hutler Declaration. As discovery has not closed, Plaintiff will have sufficient time to analyze Hutler's qualifications and challenge any opinions well in advance of trial.

It is well settled that "the purpose of [expert] reports is not to replicate every word that the expert might say on the stand." *Walsh v. Chez*, 583 F.3d 990, 994 (7th Cir. 2009). As Plaintiff notes in her brief in support of her motion, the expert disclosure requirement is meant to "provide adequate notice of the substance of the expert's *forthcoming* testimony and to give the opposing party time to prepare for a response." ECF No. 104 at 3 (quoting *Meyers*, 619 F.3d at 734 (emphasis added)); *see also id.* at 6 ("[Reports] enable the opposing party to prepare *for trial* . . . ." (emphasis added)). Thus, the purpose of the expert disclosure requirements is simply to provide notice to an opposing party for purposes of future activity in the case including cross-examining the expert at deposition or trial. It is not a requirement related to summary judgment.

The cases cited by Plaintiff in support of her motion to strike are not on point. Plaintiff does not cite a single case in which a declaration submitted by a potential expert in support of summary judgment is stricken because the party did not also disclose a full written report. Plaintiff cites two cases holding that evidence considered on summary judgment must be admissible at trial, *Malin v. Hospira, Inc.*, 762 F.3d 552, 554-55 (7th Cir. 2014), and *Gunville v. Walker*, 583 F.3d 979, 985-87 (7th Cir. 2009), both of which address whether evidence is hearsay. Plaintiff also cites three cases addressing whether witnesses not timely disclosed under Rule 26(a) could testify *at*

*trial*, unrelated to summary judgment: In one, lay (not expert) testimony was involved and the court granted a motion in limine to exclude that testimony for trial. *Eurochem N. Am. Corp. v. Ganske*, No. 18-CV-16, 2020 WL 747008, at *3-4 (W.D. Wis. Feb. 14, 2020). In another, the court *allowed* the expert testimony even though the expert had not been disclosed timely. *Novum Structures, LLC v. Larson Eng'g, Inc.*, No. 16-CV-1568, 2019 WL 1926188, at *2-4 (E.D. Wis. Apr. 30, 2019). In the third, the Seventh Circuit affirmed a ruling that a party's chairman could not offer an expert opinion at trial supporting a damages model because the party had only disclosed its chairman as a lay witness and had not timely provided a summary of his expert opinions under Rule 26(a)(2)(C). *Karum Holdings LLC v. Lowe's Cos.*, 895 F.3d 944, 953 (7th Cir. 2018). Plaintiff cites not a single case attempting to support the leap to Plaintiff's conclusion that opinions contained in a declaration before the expert disclosure deadline cannot be considered on summary judgment.

The rule that an expert not disclosed by the deadline for expert disclosures cannot testify at trial is irrelevant and inapplicable. Plaintiff does not and cannot say Hutler was not disclosed as an expert witness by the deadline because *that deadline has not yet passed*. Defendants have until December 1, 2023, to make their expert disclosures, including any required written reports. Preliminary Pretrial Conference Order (ECF No. 22) at 2. Defendants will disclose Hutler as an expert by the deadline, and file his expert report with the Court, to ensure all disclosure requirements have been satisfied. His opinions will be admissible at trial. Plaintiff, of course, is free to refute the statements contained in paragraphs 12-14 at trial.[2] There is no basis to strike

---

[2] For purposes of summary judgment, however, Plaintiff has not submitted any contradicting evidence. *See* ECF No. 115, ¶¶ 96-99. Plaintiff's own evidence is in agreement with Hutler's declaration. *See* ECF No. 117, ¶ 5, Ex. 3, at 44 ("The fair market value of a closely (or privately) held company . . . is normally discounted to reflect the fact that a ready market for the interest does not exist. In order for the interest holder to gain liquidity, the privately held company would have to 'go public' or be sold.").

paragraphs 12-14 of the Hutler Declaration and exclude it from consideration on summary judgment.

## Conclusion

Plaintiff's motion is very limited in scope: It seeks only to strike three paragraphs in the Hutler Declaration and only for purposes of consideration on summary judgment. Even with this narrow scope, the motion is without merit. None of the challenged paragraphs in the Hutler Declaration contain opinions that require a full written report. Even if any disclosure were required, the Hutler Declaration is sufficient. Additionally, Defendants' deadline to disclosure experts has not yet passed, which distinguishes every case Plaintiff cites in support of a request to strike the paragraphs for purposes of summary judgment. Plaintiff's motion to strike (ECF No. 104) should be denied.

Dated: November 24, 2023					Respectfully submitted,

							s/Christa D. Wittenberg
							Dean P. Laing
							Christa D. Wittenberg
							O'Neil, Cannon, Hollman, DeJong & Laing S.C.
							111 East Wisconsin Avenue, Suite 1400
							Milwaukee, Wisconsin 53202
							Phone: 414.276.5000
							dean.laing@wilaw.com
							christa.wittenberg@wilaw.com

							Mark H. Churchill
							Martin Durkin
							Sarah Morain
							HOLLAND & KNIGHT LLP
							1650 Tysons Boulevards, Suite 1700
							Tysons, Virginia 22102
							Phone: 703.720.8600
							mark.churchill@hklaw.com
							martin.durkin@hklaw.com
							sarah.morain@hklaw.com

							*Attorneys for Defendants*