UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

STACY L. RANDALL,

           Plaintiff,

v.

REED C. WIDEN, MICHAEL KIESLER,
WIDEN ENTERPRISES, LLC, and
WINDY WATERS, INC.,

           Defendants.

Case No. 3:22-cv-00400-jdp

---

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE

---

Plaintiff Stacy L. Randall submits the following reply in support of her Motion to Strike Proposed Expert Testimony of Bruce Hutler, specifically Paragraphs 12-14 in the declaration of Bruce Hutler filed in support of Defendants' summary judgment motion (the "Hutler Declaration").

### INTRODUCTION

Defendants, in opposing Plaintiff Stacy Randall's motion to strike (ECF No. 136 [hereinafter "Motion"]), do not deny that Paragraphs 12-14 of the Hutler Declaration contain expert opinions, nor do they advance any arguments as to whether Paragraphs 12-14 of the Hutler Declaration comply with the requirements of Federal Rule of Evidence 702. Instead, Defendants argue that they have satisfied their procedural obligations under Rule 26 of the Federal Rule of Civil Procedure because Mr. Hutler need not provide an expert report; in the alternative, they argue that they plan to satisfy their Rule 26 obligations because they intend to disclose Mr. Hutler and provide a report by their expert disclosure deadline.

By failing to address the admissibility of Paragraphs 12-14 under Rule 702, Defendants have waived any arguments regarding the same. Further, Defendants have failed to comply with the disclosure obligations under Rule 26 regardless of whether a report is required in connection with the opinions proffered in Paragraphs 12-14. Finally, Plaintiff's Motion is not premature. It is directly responsive to the prejudice she incurred as a result of Defendants failure to comply with well-established rules regarding admissibility of expert testimony. For the reasons outlined below, and in Plaintiff's Motion, the Court should grant Plaintiff's Motion.

## I. Defendants Have Waived Any Arguments Regarding the Admissibility of Paragraphs 12-14 under Rule 702.

Defendants have waived any argument regarding the admissibility of Paragraphs 12-14 of the Hutler Declaration under Federal Rule of Evidence 702. If a party fails to respond to an opponent's argument, that argument is deemed waived. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument ... results in waiver.")  "[P]erfunctory and undeveloped arguments" are also waived. *United States v. Berkowitz*, 927 F.2d 1376, 1383 (7th Cir. 1991).

Defendants' brief seemingly ignores Plaintiff's argument that Paragraphs 12-14 are not based on reliable methodology or that some of the opinions offered in Paragraphs 12-14 are unrelated to the facts of this case. (*See* Motion 7-9.)  The only time Defendants address the "admissibility" of Paragraphs 12-14 is in connection with whether Mr. Hutler's opinions can be admitted without a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). ECF No. 136 at 4. At no point do Defendants argue that the opinions themselves comply with Rule 702.

Because Defendants have failed to raise any arguments related to the admissibility of Paragraphs 12-14 under Rule 702, Defendants' arguments in response to Plaintiff's claims are waived. This alone is a sufficient basis to grant the motion to strike. As Plaintiff explained in her Motion, "[e]vidence supporting or opposing summary judgment must be admissible if offered at

2

trial." *Malin v. Hospira, Inc.*, 762 F.3d 552, 554-55 (7th Cir. 2014). The opinions contained in Paragraphs 12-14, at least in their current form, would not be admissible if offered at trial. Accordingly, whatever Defendants might plan to offer from Mr. Hutler later on, *these* opinions cannot be used either to obtain, or to oppose, summary judgment. Plaintiff's Motion should therefore be granted.

## II. Defendants Have Not Met Their Disclosure Obligations Under Rule 26(a).

Defendants claim they have satisfied their disclosure obligations under Federal Rule of Civil Procedure 26(a)(2) for two reasons. First, Defendants argue that the opinions in Paragraphs 12-14 do not require a written report under Rule 26(a)(2)(B) because those opinions were "formed and shared with Windy Waters during the course of Hutler's long-standing relationship with his client." ECF No. 136 at 3. Second, Defendants claim the mere inclusion of Paragraphs 12-14 of the Hutler Declaration satisfies their disclosure obligations under Rule 26(a)(2)(C). Both arguments fail.

### a. Mr. Hutler's Opinions Require a Written Report Under Rule 26(a)(2)(B).

Contrary to Defendants' claim, Paragraphs 12-14 of the Hutler Declaration are inadmissible without an expert report that complies with Rule 26(a)(2)(B). Expert opinions must be disclosed and supported in accordance with Federal Rule of Civil Procedure 26(a)(2). An expert witness must provide a report pursuant to Rule 26(a)(2)(B) "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."

The opinions in Paragraphs 12-14 are inadmissible without an expert report because Defendants have, in fact, retained Mr. Hutler to provide expert testimony in this case. In their brief, Defendants acknowledge that Mr. Hutler will be disclosed as an expert witness, and that, to "err on the side of caution," Mr. Hutler will provide an expert report that includes the opinions in Paragraph 12-14 of the Hutler Declaration. ECF No. 136 at 5-6. Despite this affirmative representation,

3

Defendants confusingly maintain that Mr. Hutler was not a retained expert for the purpose of his declaration and was therefore not required to submit a report under Rule 26(a)(2)(B). ECF No. 136 at 4-5.  However, Defendants cannot, on the one hand, claim Mr. Hutler was not an expert witness when he submitted his declaration, and on the other hand, disclose Mr. Hutler as an expert witness and include the exact same opinions in Paragraphs 12-14 of the Hutler Declaration in his expert report.  Mr. Hutler was acting as an expert with regard to Paragraphs 12-14 when he executed the Hutler Declaration and will be acting as an expert if he is permitted to provide those same opinions at trial.

Defendants improperly attempt to apply the test from *Myers v. Nat'l R.R. Passenger Corp.* 619 F.3d 729 (7th Cir. 2010) used to determine whether a treating physician in a personal injury case is required to submit a report under Rule 26(a)(2)(B) to Mr. Hutler's testimony.  The "dividing line" articulated in Defendants brief is a generous interpretation of the narrow rule articulated in *Myers*, which states,

> that a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2).

*Myers*, 619 F.3d at 734.  Plaintiff has been unable to identify any cases in which a court in the Seventh Circuit has applied this rule to non-physicians.  And even if this rule is applicable here—which it is not—Defendants have admitted that Mr. Hutler has been retained to provide expert opinions, including those in Paragraph 12-14, specifically for the purpose of this case.

Moreover, Mr. Hutler's opinions are not specific to Windy Waters.  In Paragraphs 12-14, Mr. Hutler, apparently relying on specialized knowledge, opines on what types of practices are typical for companies "*like* Windy Waters" and how, in general, these types of companies may employ a redemption formula to allow a minority shareholder to exit ownership.  ECF No. 68 ¶¶ 12-13

4

(emphasis added). Mr. Hutler then offers a conclusory opinion about the sufficiency of the formula in the Second Amendment of the Windy Waters Shareholder Agreement. *Id.* ¶ 14.

Defendants suggest the opinions in Paragraphs 12-14 fall outside the bounds of Rule 26(a)(2)(B) because Mr. Hutler previously shared similar sentiments with Defendants and because the opinions reflect the reason "Windy Waters created a formula for calculating stock prices." But that is not what the Hutler Declaration says. Mr. Hutler provides general observations about companies "like Windy Waters" and offers a conclusory opinion about the formula contained in the Second Amendment of the Windy Waters Shareholder Agreement. This is precisely the type of testimony that must be disclosed in an expert report.

Defendants failed to provide a written report for Mr. Hutler that complies with Rule 26(a)(2)(B) at any point prior to or during the summary judgment briefing process. As a result, Plaintiff was prejudiced because she was not afforded the opportunity to consider Mr. Hutler's conclusions or challenge those opinions under *Daubert* in connection with summary judgment. Defendants cannot alleviate the prejudice to Plaintiff in connection with summary judgment by providing Mr. Hutler's report after summary judgment briefing has closed. Defendants are free to try to introduce Mr. Hutler's opinions for purposes of trial, though Plaintiff reserves the right to challenge them once they have been provided. However, Defendants are precluded on relying on those opinions for purposes of summary judgment.

### b. Defendants Failed to Satisfy Their Disclosure Obligations Under Rule 26(a)(2)(C).

Even assuming, *arguendo*, Mr. Hutler is not required to proffer an expert report for the opinions in Paragraphs 12-14, Defendants have still failed to satisfy their disclosure obligations under Rule 26(a)(2)(C) for purposes of summary judgment.

Experts not "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," are not required to provide a report. Fed. R. Civ. P. 26(a)(2)(C). However, a party must still satisfy the expert disclosure requirements under Rule 26(a)(2)(C) for the expert's testimony to be admissible. *Haymer v. Racine Family YMCA*, No. 20-CV-1846, 2023 WL 1928452, at *1 (E.D. Wis. Feb. 10, 2023). The purpose of these disclosures is the same as those under Rule 26(a)(2)(B): "to give the opposing party general notice as to the expert witness's testimony and to determine whether further discovery will be necessary and cost-effective." *Jaworek v. Mohave Trans. Ins. Co.*, No. 19-cv-820-wmc, 2020 WL 3425116 (W.D. Wis. June 23, 2020).

Defendants did not provide Plaintiff with any notice of Mr. Hutler's expert testimony prior to filing his Declaration in connection with summary judgment (indeed, Defendants' brief opposing Plaintiff's Motion is the first time they acknowledge they will disclose Mr. Hutler as an expert witness). Instead, Defendants attempted to impermissibly "proffer[] an expert in lay witness clothing." Fed. R. Evid. 701 advisory comm.'s note to 2000 amend. Thus, the inclusion of Paragraphs 12-14 was not sufficient to satisfy Defendants' disclosure obligations under Rule 26(a)(2)(C).

### III. Plaintiff's Motion is Not Premature.

Defendants next claim Plaintiff's motion to strike is premature because Defendants have until today, December 1, 2023, to disclose their expert witnesses and produce expert reports. ECF No. 136 at 5–6. According to Defendants, Plaintiff cannot challenge the sufficiency of Paragraphs 12-14 until after this deadline. *Id.* This argument is illogical. While Plaintiff does not dispute that Defendants can attempt to introduce Mr. Hutler's opinions *at trial* in the form of a report that complies with Rule 26(a)(2)(B), Plaintiff disagrees that Defendants can retroactively render Paragraphs 12-14 of the Hutler Declaration admissible for purposes of summary judgment by producing an expert report after briefing has concluded.

Evidence offered in support of summary judgment must be admissible at trial. *Malin v. Hospira, Inc.*, 762 F.3d 552, 554-55 (7th Cir. 2014) ("Evidence supporting or opposing summary judgment must be admissible if offered at trial."). The fact that Defendants may still disclose Mr. Hutler as an expert witness for purposes of trial does not remedy their prior failure to comply with Rule 26 or Rule 702, *supra* at 2–3. If Defendants wished to rely on Mr. Hutler's expert opinions in support of summary judgment, they could have identified him as an expert in advance of summary judgment, along with the disclosures required by Rule 26 to ensure that his opinions could be properly considered for summary judgment purposes. They did not. Instead, they presented his opinions as lay testimony, without support, and gave no indication of their intent to disclose him as an expert until after summary judgment was complete.[1] This is improper and a sufficient basis to strike Paragraphs 12-14.

## CONCLUSION

Defendants have failed to sufficiently oppose Plaintiff's Motion. Crucially, Defendants have waived any argument as to the admissibility of Paragraphs 12-14 under Rule 702. Defendants have also failed to provide any legal authority that permits them to rely on inadmissible expert opinions in support of summary judgment. Instead, Defendants have insisted that Mr. Hutler's statements are not expert opinions—despite now stating an intention to disclose them as expert testimony—and that any prejudice to Plaintiff is absolved by its forthcoming disclosure of Mr. Hutler's expert report. These conclusions are unsupported by law.

Defendants have failed to comply with well-established requirements for expert testimony. For the reasons outlined above and in Plaintiff's Motion, she respectfully asks the Court to strike

---

[1] Plaintiff reserves the right to challenge Paragraphs 12-14 under Federal Rule of Evidence 702 and *Daubert* for purposes of trial.

50826159v4

Paragraphs 12-14 of the Hutler Declaration, and all statements in Defendants' summary judgment briefing and Proposed Findings of Fact that rely on the statements in those paragraphs.

Dated this 1st day of December, 2023.

*s/ David Palay*
Mark A. Cameli
WI State Bar ID No. 1012040
mcameli@reinhartlaw.com
Ryan S. Stippich
WI State Bar ID No. 1038045
rstippich@reinhartlaw.com
David Palay
WI State Bar ID No. 1115862
dpalay@reinhartlaw.com
Elizabeth Elving
WI State Bar ID No. 1115903
eelving@reinhartlaw.com
Monica A. Mark
WI State Bar ID No. 1082428
mmark@reinhartlaw.com
Jessica Hutson Polakowski
WI State Bar ID No. 1061368
jpolakowski@reinhartlaw.com
Samuel C. Sylvan
WI State Bar ID No. 1131339
ssylvan@reinhartlaw.com
Mary Margaret Evans
WI State Bar ID No. 1130108
mevans@reinhartlaw.com
Shannon M. Toole
WI State Bar ID No. 1105010
stoole@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965

Attorneys for Plaintiff

50826159v4