UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

STACY L. RANDALL,

                Plaintiff,

       v.

REED C. WIDEN, MICHAEL
KIESLER, WIDEN ENTERPRISES,
LLC, and WINDY WATERS, INC.,

                Defendants.

Case No. 3:22-cv-00400-jdp

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION
CHALLENGING PLAINTIFF'S CONFIDENTIAL DESIGNATIONS
UNDER THE PROTECTIVE ORDER**

## INTRODUCTION

Defendants' motion challenging certain designations of confidentiality Stacy Randall made in this case ███████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████ At the same time, Defendants' motion *omits* critical context ███████████████ ████████████████████████████████████████████████████████ ████████████████ And they offer no alternative reasons for any of those actions. In other words, Defendants' motion says both far too much and not nearly enough.



(Defs.' Br. ("Br."), ECF No. 164, at 1, 5; ECF Nos. 169-7, 169-8, Wittenberg Decl. Exs. G at 3, H at 3.)

This raises a question: *why*? (the "PHH Documents") (Decl. of D. Palay, March 29, 2024 ("Palay Decl."), ¶ 2, Ex. 1 at 2

2

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████ & ¶ 3, Ex. 2 at 2.) The

Protective Order, by its clear terms, has *no effect* on the admissibility or introduction

of evidence at trial, nor on the parties' ███████████████ (ECF No. 26-1, Protective

Order §§ (B), (D) at 4, 7.) ███████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

███████████████████████████████ (Br.  1.) █████████████████████

█████████████████████████████████████████████████████████████████

████ ██ ███████████████████████████████████████████████████████████

██████████████████████████████████ ████████████████ ████████████

██████████████ ██████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████

       ████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

███████████████████████████ (Palay Decl. ¶ 4, Ex. 3.) ██████████████



█████████ arguments that they never raised with Stacy's counsel during their meet-and-confer, or in the significant amount of related correspondence that Defendants omit from their filing. █████████ ████ ████ ████████████████ ██████████████████████████████████ ████ ███████████████████████████ ██████████████████ (Palay Decl. Ex. 1 at 1-2, 4-5.) ████████ ██████████████████████████████ ██████████████████████████████ ██████████████████████████████ ██████████████████ (*Compare* Br. at 9-19, *with* Palay Decl. Exs. 1 & 2.) Stacy's counsel, therefore, never had the opportunity to consider, or respond to, that contention, which forms the central basis of Defendants' motion. Thus, if nothing else, Defendants' motion is premature.

In any event, Defendants' arguments of non-confidentiality lack merit. ██████████████████████████ ██ ████████ ██████████████████████████ ██████████████ ████ ██████████████████



(Br. 16-18.)

And Defendants' arguments fundamentally miss the point.

In sum, Defendants have prematurely moved for relief to which they are not entitled, motivated by ███████████████. For each of those reasons, the Court should deny their motion.

## RELEVANT PROCEDURAL HISTORY

### I.    Defendants subpoena PHH Mortgage and designate PHH's documents as confidential.

Beginning on April 18, 2023 and continuing through January 8, 2024, Defendants made four document productions that together included 3,331 pages of documents they obtained from PHH Mortgage Corporation. (Palay Decl. ¶ 5.) Defendants Bates-stamped and designated each of those 3,331 pages as

"CONFIDENTIAL." (Palay Decl. ¶ 5.) In total, by Stacy's count, Defendants' productions included 12 separate copies of ███████████████████████████ ████████████████████████████, and two copies of ███████████████ ████████████████████████████ – all of which Defendants Bates-stamped and designated as "CONFIDENTIAL." (Palay Decl. ¶ 6.)

Defendants noticed a deposition for PHH's representative for January 10, 2024 in West Palm Beach, Florida. (Palay Decl. ¶¶ 7-8, Exs. 4 & 5.) ████████████ ██████████████████████████████████ Defendants introduced as exhibits at that deposition unmarked copies of ████████████ and ████████████████████████. (Palay Decl. ¶¶ 9-10, Exs. 6 & 7.) Defendants have never produced un-designated copies of either PHH Document. (*See* Palay Decl. ¶¶ 11-14, Exs. 8, 9, 10, and 11.) ████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████ (ECF No. 166.) On January 16, 2024, Plaintiff's counsel designated those unmarked copies, as well as Defendants' counsel's ████████████████ as confidential. (*See* ECF No. 169-12, Wittenberg Decl. Ex. M.)

## II.   **Defendants** ████████████████████████████████
████████████████████████.

Five days after the PHH deposition, on January 15, 2024, counsel for Defendants sent Stacy's counsel a ████████████████. (Palay Decl. Ex. 3.) ████████████████████████████████████████████████ ████████████████████████████████████████████████

██████████████████████████████ (Palay Decl. Ex. 3.) ██████████████

████████████████████████ is shown below.[1]



(Palay Decl. Ex. 3.)

██████████████████████████████████████████████

██████████ (*Id.*) ████████████████████████████████

████████████████████████████████

---

[1] ████████████████████████████████████████████
████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████  To avoid engaging with what appeared to be ████████████████

████████████, Stacy's counsel did not respond to Defendants' January 15, 2024

settlement demand. (Palay Decl. ¶ 15.)

### III. Defendants demand that Stacy "de-designate" over three thousand pages Defendants previously designated confidential.

On March 7, 2024, nearly two months after Stacy's counsel designated the

PHH exhibits and deposition transcript as confidential, ██████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████ (Palay Decl. Ex. 1 at 5-6.) ████████████████████

████████████████████████████████████████

████████████████████████████████████████ (Palay

Decl. Ex. 1 at 4-5.)

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████████ (Palay Decl.

Ex. 1 at 4.) ███████████████████████████████████████████████

████████████████████████████████████ (*Id.*) ████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

(Palay Decl. Ex. 1 at 3-4.)

The parties held a meet-and-confer on March 11, 2024. During the meet-and-

confer, ██████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████ (Palay Decl. Ex. 1 at 1-2 & Ex. 2 at 1-2.) ████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████ (*See* Palay Decl. Ex. 2 at

2.) ██████████████████████████████████████████████████████████

████████████████████████████████████████ (*See* Palay Decl. Ex. 2

at 2.) In follow-up correspondence, █████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████ (Palay Decl. Ex. 1 at 2.)

9

Two days later, on March 13, 2024, ███████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████



(Palay Decl. Ex. 1 at 1-2.)

██████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████ (Palay Decl. Ex. 1 at 1.) ██████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████ (*Id.*)

Stacy's counsel then followed up the next day with a letter regarding the March

11 meet-and-confer, ████████████████████████ ██ ██████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████ (Palay Decl. Ex. 2 at 1-2.) ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████ (Palay Decl. Ex. 2 at 2.) The next morning,

without responding to Stacy's counsel's letter, Defendants filed this motion.

## ARGUMENT

As a preliminary matter, this case – which, again, is about Stacy's claims that

Defendants fraudulently induced her to part with her valuable interest in Windy

Waters for an unsecured promissory note with a face amount of $1.3 million – ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ (Br. 1.)

By way of example, ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ (*See* ECF No. 129 at 84,

¶ 203.) ████████████████████████████████████████████

████████████████████████████████████████████████████████



(Palay Decl. ¶ 16, Ex. 12.)

(Br. 14; ECF No. 166, 7:13-24.)

But more to the point,

For that reason,

turns now to

the first reason to deny Defendants' de-designation motion: that motion was

**I.     The Court should deny Defendants' request for de-designation because it is being made for ███████████████████ .**

With the filing of the present motion, one thing has become clear: Defendants'

purpose in seeking de-designation of the PHH Documents is *not* to enable them to

defend against Stacy's claims on the merits. ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████ (Br. 1.) ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████ ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████ Palay Decl. Ex. 3. In any event, that Defendants have no need for

the relief they seek should be sufficient to deny the present motion.

Recall that ████████████████████████████████████

████████████████████████████ (Palay Decl. Ex. 1 at 3-5.) ████████████

████████████████████████████████████████

████████████████████████████████ (Palay Decl. Ex. 1 at 3-5.)

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████ (Palay Decl. Ex. 2 at 2.)

    ███████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████ (ECF No. 26-1, Protective

Order § (D) ("This Order is not intended to govern the use of materials designated

'CONFIDENTIAL' . . . at trial or at hearings relating to dispositive motions."); § (B)

(allowing disclosures for "preparing for and conducing the litigation in which the

information, documents, or other material were disclosed").) ████████████████

█████████████████████████████████████████████████

    That leaves only Defendants' alternative justification that ███████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████ (Palay Decl. Ex. 3.) At the time,

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████ (Palay Decl. Ex. 3.) ███

█████████████████████████████████████████████████████

████████████  ████  █████████████

The positions Defendants now take in their motion, and took in the lead-up,

leave no room for doubt that ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ ██████████ ████████████

████████████████████████████████████ (*See* Palay Decl. Ex. 3.)

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ (Palay Decl. Ex. 3.)

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████ *See* Fed. R. Evid. 402. ██████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ Fed. R. Evid. 608(b) ("Except

for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove

specific instances of a witness's conduct in order to attack or support the witness's

character for truthfulness."); *see, e.g.*, *United States v. Abair*, 746 F.3d 260, 263–64

(7th Cir. 2014) (extrinsic evidence of a witness's character for truthfulness prohibited by Rule 608(b)); *United States v. Dawson*, 434 F.3d 956, 958-59 (7th Cir. 2006); *United States v. Martz*, 964 F.2d 787, 789 (8th Cir. 1992) (party seeking to establish character for truthfulness under 608(b) must "take" the witness's answer). █████████████ ███████████████████████████████████████████████████ (ECF No. 26-1, Protective Order § (D)), ███████████████████████████████████ ██████ ██████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████ (Palay Decl. Ex. 1 at 2, Ex. 2 at 2.) █████████████████████████

███████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████████

(*See* Br. 21-22.) ████████████████████████████████████████████████

█████████████████████████████████████████ (Palay Decl. Ex. 1 at 2, Ex. 2 at 2.) █████████████████████████████████████

███████████████████████████████████

In sum, ████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████ (Palay Decl. Ex. 3.) ██████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████



(Palay Decl. Ex. 2 at 2, Ex. 1 at 2.)

(ECF Nos. 162, 164.) There is little

room for doubt, then, that



[2] For obvious reasons, the Court should not grant Defendants relief solely so that Defendants ███████████████████████████████████████.

## II. Defendants' motion is premature.

In its Preliminary Pretrial Conference Order, the Court ordered that:

> A party may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute. All efforts to resolve the dispute must be set forth in any subsequent discovery motion filed with this court. By this order, the court requires all parties to a discovery dispute to attempt to resolve it quickly and in good faith. Failure to do so could result in cost shifting and sanctions under Rule 37.

(ECF No. 22, Prelim. Pretrial Conference Order at 4.) Defendants have violated that Order in several ways. First, it is difficult to see how Defendants' meet-and-confer efforts could be described as "a good faith attempt to resolve the dispute." (*See id.*) Defendants never provided any specific reason why ███████████████████████

_____

[2] ███████████████████████████████████████████████████
███████████████████

 (Palay Decl. Ex. 1 at 1-2.) ████████████

████████████████

████████████████

████████████████ (Br. 16-20.) The fact that Stacy was never afforded an opportunity to respond to those contentions, alone, should preclude the relief Defendants seek now.

████████████████

████████████████

██████████ (Palay Decl. Ex. 1 at 2, Ex. 2 at 2.) ████████████

████████████████

██████████ (ECF No. 26-1, Protective Order §§ (B), (D).) ████████

██████████.[3]

Finally, Defendants did not set forth "[a]ll efforts to resolve the dispute" in this motion. (*See* Prelim. Pretrial Conference Order at 4.) Rather, Defendants withheld *all* of the parties' meet-and-confer correspondence.[4] Had Defendants complied with

---

[3] ████████████████████████

██████████ (Palay Decl. Ex. 2 at 1-2, Ex. 1 at 1-2.)

[4] ████████████████████████

████████████

the Preliminary Pretrial Conference Order, it would have been apparent to the Court that Defendants had not met and conferred in good faith and had not even raised the bases for relief they now rely on with Stacy's counsel prior to engaging in motion practice.

Defendants have thus failed to comply with the Court's clear instructions to seek to resolve discovery disputes in good faith before seeking Court intervention and to set forth all efforts to resolve the dispute in their motion. This motion is therefore premature, violates the Preliminary Pretrial Conference Order, and should be denied.

## III. The documents and information at issue are properly designated confidential.

A protective order "prevents a party from disseminating only that information obtained through use of the discovery process." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). That process, however, allows parties to sweep up vast amounts of information, much of which is irrelevant to the case or intruding upon the privacy interests of litigants and third parties, creating opportunity for abuse. As the Supreme Court explained, "the liberality of pretrial discovery," which does "not distinguish between public and private information" and which extends to "information in the hands of third parties," creates "an opportunity, therefore, for litigants to obtain—incidentally or purposefully—information that not only is irrelevant but if publicly released could be damaging to reputation and privacy." *Id.* at 34-35. Because of that "significant potential for abuse," as well as the "unique position" protective orders occupy "in relation to the First Amendment," Rule 26(c) of the Federal Rules of Civil Procedure properly "confers broad discretion on the trial

court to decide when a protective order is appropriate and what degree of protection

is required." *Id.* at 34 (first, second, and third quotes), 36 (fourth quote).





The Protective Order permits parties to designate as confidential documents or information that "contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information." (ECF No. 26-1, Protective Order § (A)(2).)

(*See* ECF Nos. 169-7, 169-8, Wittenberg Decl. Ex. G at 1, Ex. H at 1.)

Palay Decl. Exs. 8-10, Palay Decl. Ex. 11.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████ (*See* Br. 17-18.)

█████████████████████████████████████████████

██████ ██████████████████████████████████████ (*See*

*id.*) █████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████ As the Supreme

Court explained in *Seattle Times*, "pretrial depositions and interrogatories are not

public components of a civil trial," as "[s]uch proceedings were not open to the public

at common law, and, in general, they are conducted in private as a matter of modern

practice." *Seattle Times Co.*, 467 U.S. at 33 (citation omitted); *see In re Korean Air

Lines Disaster of Sept. 1, 1983*, 597 F. Supp. 621, 623 (D.D.C. 1984) ("[I]nformation

discovered at the pretrial stage is not considered within the public domain."). ███████

███████████████████████████████████████████████████

██████████████████████████████████████ ███████████

██████████ ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████



(Br. 17 ████████████ [5]

████████████

████████████

████████████

████████████

████████████

(*See* Br. 17 (referring to ████████

████████████ That contention is so undeveloped as to amount to waiver. *See, e.g., Bergquist v. Auto-Owners Ins.*, No. 19-cv-104-jdp, 2020 WL 2924024, at *3 (W.D. Wis. June 3, 2020) ("Bergquist's two-sentence argument is so underdeveloped that the court deems it waived." (citing *United Cent. Bank v. Davenport Est. LLC*, 815 F.3d 315, 318 (7th Cir. 2016))).

In sum, ████████████

████████████ meets the Protective Order's definition of "nonpublic confidential . . . financial, personal, or business information." (ECF No. 26-

---

[5] ████████████ (*See* Br. 17

████████████

1, Protective Order § (A)(2).) 

See *Seattle Times Co.*, 467 U.S. at 33; *In re Korean Air Lines Disaster of Sept. 1, 1983*, 597 F. Supp. at 623. Defendants are therefore not entitled to the de-designation they seek.

## CONCLUSION

For the reasons described herein, and in the declaration and exhibits filed contemporaneously herewith, Stacy respectfully requests that the Court deny Defendants' motion to de-designate the PHH Documents as confidential under the Protective Order.

---

[6] Marshall McLuhan, *Understanding Media: The Extensions of Man*, 24 (1st ed. 1964).

Dated this 29th day of March, 2024.

s/ David Palay
Mark A. Cameli
WI State Bar ID No. 1012040
mcameli@reinhartlaw.com
David Palay
WI State Bar ID No. 1115862
dpalay@reinhartlaw.com
Monica A. Mark
WI State Bar ID No. 1082428
mmark@reinhartlaw.com
Samuel C. Sylvan
WI State Bar ID No. 1131339
ssylvan@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone:  414-298-1000
Facsimile:  414-298-8097

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965

Attorneys for Plaintiff